**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:                                                        Case No. 8:23-bk-02914-RCT

**LYNNE AI BUI,**                                   Chapter 7

**Debtor.**

_____/

**CHAPTER 7 TRUSTEE, MARIA M. YIP'S MOTION FOR ENTRY OF ORDER**
**(1) AUTHORIZING PROPOSED PRIVATE SALE OF ESTATE'S RIGHT, TITLE**
**AND INTEREST IN REAL PROPERTY LOCATED AT 4280 KNOLLVIEW**
**DRIVE, DANVILLE, CA 94506 TO SUNNY BEHL, SUBJECT TO**
**ALL LIENS, CLAIMS, AND ENCUMBRANCES; AND**
**(2) GRANTING OTHER RELATED RELIEF**

Maria M. Yip, the duly appointed Chapter 7 trustee of the bankruptcy estate of Lynne Ai

Bui (the "Trustee"), through counsel and pursuant to 11 U.S.C. §§ 105 and  363, Federal Rules of

Bankruptcy Procedure 2002 and 6004, and Local Rule 6004-1, files this *Motion for Entry of Order*

*(1) Authorizing Proposed Private Sale of Estate's Right Title and Interest in Real Property Located*

*at 4280 Knollview Drive, Danville, CA 94506 to Sunny Behl,  Subject to All Liens, Claims and*

*Encumbrances; and (2) Granting Other Related Relief* (the "Motion"), and as good cause for

granting the Motion, states:

## I.  SUMMARY OF RELIEF REQUESTED

1.       By this Motion, the Trustee seeks the entry of an order: (a) authorizing the proposed

private sale of the Estate's right, title and interest in the real property located at 4280 Knollview

Drive, Danville, CA 94506  (the "Real Property" or the "Property")[1], to Sunny Behl (the "Buyer")

for $150,000.000, on the terms and conditions set forth in this Motion, subject to all liens, claims

---

[1] Pursuant to Local Rule 6004-1(a), the legal description of the property is set forth on Page 3 of Title Commitment
(defined below and attached to this Motion as **Exhibit A**).

and encumbrances, other than the Vitality Lien (defined below), and "AS-IS, WHERE-IS" and without representations or warranties of any type being given by the Trustee or her professionals, subject to Bankruptcy Court approval (the "Proposed Sale").

2.      The Property is encumbered by a first deed of trust in the name of Nationstar Mortgage ("Nationstar"), and a second deed of trust in the name of Casco Financial, Inc. ("Casco").

3.      The title report for the Property also references a judgment in the name of Eric J. Weissman, as Trustee of the Vitality Health Plan of California, Inc. Creditor Trust (the "Vitality Trustee"). The Trustee and Vitality Trustee disagree on whether the judgment attaches to and/or is secured by the Property.

4.      The Trustee, through David Weinberger and Seymour Weinberger Group/KW Commercial (the "Brokers" or "Realtors"), previously attempted to market and sell the Property; however, the Debtor's brother, Larry Bui ("L. Bui"), and Tuetnga Huynh ("Huynh"), reside in the Property and have refused to cooperate or provide access to the Property to the Trustee. Nor has the Debtor provided the Trustee or her professionals with access to the Property.

5.      Accordingly, the Trustee was forced to retain counsel in California to commence and prosecute and eviction/unlawful detainer lawsuit to obtain complete possession of the Property. *See Order Approving Chapter 11 Trustee, Maria M. Yip's, Application for Employment of McLaughlin Sanchez LLP as California Eviction/Unlawful Detainer Counsel to the Trustee, Effective as of September 17, 2014* [ECF No. 555](the "Retention Order").

6.      On or around February 11, 2025, the Trustee filed a formal *Complaint for Unlawful Detainer* against L. Bui and Huynh in the Superior Court of the State of California, County of Contra Costa, assigned Case No.: MS25-0143 (the "UD Proceeding"), which remains pending.

7.     Until the UD Proceeding is fully and finally adjudicated, the Trustee will be unable to market and sell the Property in a traditional fashion.

8.     Nevertheless, Trustee, by agreement with Casco and the Vitality Trustee, has agreed to the sale of the Property to the Buyer pursuant to which, among other things: (a) the Buyer shall receive a Trustee's Deed to the Property, subject to all liens, claims, and encumbrances, including the pending UD Proceeding, but excluding the lien of the Vitality Trustee; (b) the Vitality Trustee will not receive a distribution from the Proposed Sale, but its lien, if any, shall attach to the net proceeds from the sale of the Property, with the status and validity of such lien to be determined at a later date; and (c) Nationstar's lien shall be paid by the Buyer, within 90 days of the of the transfer of the property to the Buyer.

## II.  JURISDICTION AND VENUE

9.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

10.    This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and (N).

11.    Venue is proper in this jurisdiction pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.   PROCEDURAL AND FACTUAL BACKGROUND

12.    On July 10, 2023 (the "Petition Date"), Lynne Ai Bui ("Bui" or "Debtor") filed a voluntary Chapter 11 petition in this Bankruptcy Court.

13.    On February 26, 2024, this Court entered its *Order Approving Appointment of Chapter 11 Trustee* ECF No. 258], which appointed the Trustee in the case.

14.    On December 29, 2025, the Court entered its *Order Granting Chapter 11 Trustee, Maria M. Yip's Motion to Convert Case to Chapter 7* [ECF No. 814].

15.    On December 29, 2025, the Court entered its *Order Converting Case from Chapter 11 to Chapter 7* [ECF No. 815](the "Conversion Order").

16.     On December 30, 2025, a *Notice of Appointment of Chapter 7 Trustee* [ECF No. 162] was entered which appointed Maria M. Yip as Chapter 7 Trustee.

**A.  The Property**

17.     The Debtor's Amended Schedule A/B [ECF No. 196]("Schedule A/B") lists her sole interest in the Property.

18.     Schedule A/B values the Property at $2,000,000 as of the Petition Date, which is consistent with the opinion of value provided by the Brokers. *See, P. 6, Chapter 11 Trustee, Maria M. Yip's Notice of Filing Status Report with Respect to Real Property Marketing and Sale Efforts* [ECF No. 462](the "Status Report")(proposing a List Price of $2,049,000, as of July 16, 2024).

19.     As set forth above, the Trustee has been unable to obtain access and possession of the Property. *See, e.g.,* P.6 , *Status Report*.

20.     Therefore, the Trustee was forced to file and prosecute the UD Proceeding, which remains pending in California.

**B.  The Debt Secured by the Property**

21.     The Trustee's escrow agent conducted a lien search and preliminary title report, a copy of which is attached hereto as **Exhibit "A"** and incorporated by reference (the "Title Commitment").

22.     The Title Commitment, papers filed in this Bankruptcy Case, and other documents provided by the lender to the Trustee reveal that the property is encumbered by: (a) a first Deed of Trust in favor of Nationstar, in the approximate amount of $430,000.00; and (b) a second Deed of Trust in favor of Casco, in the approximate amount of $1,070,000.

23.     The Title Commitment also indicates that the Property may be encumbered by a judgment in the name of the Vitality Trustee. The secured status of the Vitality Trustee's judgment

against the Property is disputed by the Trustee.

24.     The Trustee and the Vitality Trustee have determined that it is in the best interest of the Estate for the Trustee to market and monetize the Property through the bankruptcy process in order to provide a distribution to creditors.

IV.     **MOTION TO APPROVE PROPOSED PRIVATE SALE OF ESTATE'S RIGHT, TITLE AND INTEREST IN PROPERTY TO THE BUYER, <u>SUBJECT TO  ALL LIENS, CLAIMS AND ENCUMBRANCES</u>**

A.  **The Debt Secured by the Property**

25.     The Title Commitment, papers filed in this Bankruptcy Case, and other documents provided by the lender to the Trustee reveal that the property is encumbered by: (a) a first mortgage in favor of Nationstar, in the approximate amount of $430,000.00; and (b) a second mortgage in favor of Casco, in the approximate amount of $1,070,000.

26.     The Title Commitment also indicates that the Property may be encumbered by a judgment in the name of the Vitality Trustee. The secured status of the Vitality Trustee's judgment against the Property is disputed by the Trustee.

27.     Notwithstanding Casco and the Vitality Trustee's asserted secured claims, the Trustee and Vitality Trustee have determined that it is in the best interest for the Trustee to market and monetize the Property through the bankruptcy process to provide a distribution to creditors.

28.     Given, among other things; (a) the current equity in the Property; (b) the administrative expenses associated with continuing to prosecute the UD Proceeding to conclusion; (c) the accumulating interest charges; (d) the anticipated net recovery to the Estate, if the Estate were to complete the UD Proceeding, and then market and sell the Property utilizing the Brokers; and (e) the Buyer's agreement to pay Nationstar on account of its lien within 90 days of closing, the Trustee has accepted an offer of $150,000 from the Buyer to purchase the Property, subject to

all liens, claims and encumbrances, and Court approval.

29.     Casco and the Vitality Trustee have both provided written approval of the Proposed Sale.

30.     The Trustee believes that the offer tendered by the Buyer is fair and reasonable in light of current market conditions, and other circumstances relevant to the Property, including the pending UD Proceeding. Thus, the Trustee asserts that the Proposed Sale to the Buyer, or a higher and better bidder, is in the best interests of this Estate and all creditors.

31.     Accordingly, the Trustee requests this Court approve the Proposed Sale to the Buyer, or a higher and better bidder, outside of the ordinary course of business, pursuant to 11 U.S.C. § 363(b), which states: "[t]he Trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."

**B.    The Court has Authority Under 11 U.S.C. § 363(b)(1) to Approve the Proposed Sale**

32.     Section 363(b)(1) of the Bankruptcy Code provides, in pertinent part, that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate."

33.     Although 11 U.S.C. § 363 does not specify a standard for determining when it is appropriate for a court to authorize the use, sale, or lease of property of the estate, it is widely recognized that the use, sale, or lease of property of the estate, other than in the ordinary course of business, is authorized when there is a "sound business purpose" that justifies such action. *See In re Cont'l Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986); *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983); *In re Phx. Steel Corp.*, 82 B.R. 334, 335-36 (Bankr. D. Del. 1987)(stating that judicial approval under 11 U.S.C. § 363 requires a showing that the proposed action is fair and equitable, in good faith and supported by a good business reason).

34.     The business judgment rule is a "policy of judicial restraint born of the recognition that directors are, in most cases, more qualified to make business decisions than are judges." *Int'l Ins. Co. v. Johns*, 874 F.2d 1447, 1458 n.20 (11th Cir. 1989). In that regard, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *See Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) (citation omitted).

35.     When a valid business justification exists, the law vests the trustee's decision to use property out of the ordinary course of business with a strong presumption that "in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *In re Integrated Res.*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (citations omitted).

36.     Thus, if a trustee's actions satisfy the business judgment rule, then the transaction in question should be approved under 11 U.S.C. § 363(b)(1).

37.     Courts typically consider four factors in determining whether a proposed sale satisfies the business judgment standard: (a) whether a sound business justification exists for the sale, (b) whether adequate and reasonable notice of the sale was given to interested parties, (c) whether the sale will produce a fair and reasonable price for the property, and (d) whether the parties have acted in good faith. *See, e.g., In re 160 Royal Palm, LLC*, 600 B.R. 119, 129 (S.D. Fla. 2019)(citations omitted).

38.     In the instant case, the Proposed Sale meets all the aforementioned requirements and should be approved.

### *i.   The Proposed Sale Reflects the Exercise of the Trustee's Sound Business Judgment*

39.     As noted above, the Trustee has been unable to access or obain possession of the Property. As a result, the Brokers have been unable to market the Property.

40.     Additionally, the Property is the subject of the UD Proceeding.

41.     The offer made by the Buyer is currently the highest and best offer for the Property, particularly considering that the Trustee is unable to provide any access to the Property and the Proposed Sale is subject to all liens, claims, and encumbrances.

42.     Absent the Proposed Sale of the Property, there is no way to monetize the Estate's interest in the Property.

43.     Thus, in the Trustee's business judgment, the Proposed Sale to the Buyer is in the best interests of this Estate and its creditors.

### *ii.   Adequate and Reasonable Notice of the Sale Has Been Provided*

44.     The Trustee intends to serve this Motion upon all parties in interest as required by Rule 2002(c)(1) of the Federal Rule of Bankruptcy Procedure. *See* Fed. R. Bankr. P. 2002(c)(1).

45.     Such notice conforms to the requirements of Rule 2002(c)(1) as it will contain the terms and conditions of the Proposed Sale.

### *iii.  The Purchase Price is Fair and Reasonable*

46.     Based upon, among other things: (a) the Trustee's investigations to date; (b) the fact that the Proposed Sale is subject to all liens, claims and encumbrances; (c) the limited universe of potential buyers who would purchase the Property without an interior inspection, and in light of the pending UD Proceeding; and (d) the range of expressions of interest made to the Trustee and her professionals to date, the Trustee believes that the purchase price represents a fair and reasonable price for the Property.

### iv.  The Sale is Proposed in Good Faith

47.     The Trustee asserts that the Proposed Sale is the product of good faith negotiations between the Trustee and the Buyer, and submits that the Proposed Sale was negotiated in good faith.

## C.  The Sale Satisfies the Requirements of 11 U.S.C. § 363(f) for a Sale Free and Clear of the Vitality Trustee's Lien

48.     Pursuant to Section 363, the Trustee may sell property free and clear of liens, claims, encumbrances, and other interests if one of the following conditions is satisfied:

> "(1) applicable nonbankruptcy law permits the sale of such property free and clear of such interest;
> (2) [the lienholder or claimholder] consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) such interest is in bona fide dispute; or
> (5) [the lienholder or claimholder] could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest."

11  U.S.C. §363(f).

49.     Because 11 U.S.C. § 363(f) is stated in the disjunctive, satisfaction of any one of its five requirements will suffice to warrant approval of the proposed sale of the Property. *See In re Elliot,* 94 B.R. 343, 345 (E.D. Pa. 1988) (stating that court may approve sale "free and clear" provided at least one of the subsections of 363(f) is met); *In re Gulf States Steel,* 285 B.R. 497, 506 (Bankr. N.D. Ala. 2002); *In re 18th Ave. Dev. Corp. v. Modular Paving, Inc. In re 18th Ave. Dev. Corp.,* 14 B.R. 862, 863 (Bankr. S.D. Fla. 1981) (stating that 11 U.S.C. § 363(f) indicates that before sale of property may be authorized "free and clear" only one of five conditions must be met).

50.     To facilitate the sale of the Property, the Debtor requests that the Court authorize

the sale free and clear of the lien of the Vitality Trustee (collectively, the "Vitality Lien").

51.     The sale of the Property will have satisfied at least one of the prongs of 11 U.S.C.
§ 363(f) because:

a.      Pursuant to § 363(f)(2), the Vitality Trustee has consented;

b.      Pursuant to §363(f)(4), the claimed interests are subject to a bona fide dispute; and

c.      Pursuant to §363(f)(5), any entity holding a lien on the Property could be compelled to accept a monetary satisfaction of its lien and the Trustee proposes that the asserted junior lien of the Vitality Trustee on the Property, if any, shall attach to the net proceeds of the sale of the Property, subject to any defenses the Estate may possess with respect thereto.

**D.  Consideration of Competing Bids/ Requested Overbid Procedures**

52.     Pursuant to 11 U.S.C. § 363, the Proposed Sale is subject to higher and better offers.

53.     Any party wishing to submit a higher and better offer for the Real Property shall be required to make an initial offer that is at least $200,000.00 or higher, and shall tender a $75,000.00 bid deposit to the Trustee, in cleared funds, no later than 5 business days prior to the Sale Hearing.

54.     At the hearing, the Trustee shall select for Court approval, the highest and best bid for the Property using her business judgment, after considering the recommendations of other interested parties

55.     The Trustee recommends that bidding be conducted at the Sale Hearing in $10,000.00 increments.

56.     Unless otherwise ordered by the Court, the Trustee recommends that any successful bidder other than the Buyer: (a) agree to purchase the Property on the same terms and conditions as the Buyer; (b) be ready, willing and able to close within 5 business days of entry of the Final

Sale Order (defined below), unless otherwise required by the closing/escrow agent.

## E.  Closing

57.     The Trustee seeks authority to close on the sale of the Real Property immediately upon entry of a final, non-appealable order emanating from the Sale Hearing and granting this Motion (the "Final Sale Order"), with the Buyer or the successful bidder required to pay the purchase price within 5 business days of entry of the Final Sale Order.

58.     If the Buyer or the successful bidder fails to timely close, the Trustee seeks authority to close the sale transaction with the next highest bidder (the "Back-up Bidder").

59.     The Back-up Bidder shall similarly be required to close within 5 business days of entry of the Final Sale Order, unless otherwise required by the closing/escrow agent.

60.     If the Buyer, the successful bidder, or the Back-up Bidder, as applicable, fail to timely close the sale transaction, their deposit(s) will be forfeited to the Trustee.

## F.  The Buyer or Successful Bidder Should be Afforded All Protections Under 11 U.S.C. § 363(m) as a Good Faith Purchaser

61.     Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased from the debtor notwithstanding that the sale conducted under 11 U.S.C. § 363(b) was later reversed or modified on appeal. Specifically, Section 363 states that:

> The reversal or modification on appeal of an authorization under [section 363(b)] ... does not affect the validity of a sale ... to an entity that purchased ... such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale ... were stayed pending appeal

11 U.S.C. § 363(m); *See also, Allstate Ins. Co. v. Hughes*, 174 B.R. 884, 888 (S.D.N.Y. 1994) ("Section 363(m) . . . provides that good faith transfers of property will not be affected by the reversal or modification on appeal of an un-stayed order, whether or not the transferee knew of the pendency of the appeal"); *In re Stein & Day, Inc.*, 113 B.R. 157, 162 (Bankr. S.D.N.Y. 1990)

("pursuant to 11 U.S.C. § 363(m), good faith purchasers are protected from the reversal of a sale on appeal unless there is a stay pending appeal").

62.     Although the Bankruptcy Code does not define "good faith," one court has held that:

> "The good faith of a purchaser is shown by the integrity of his conduct during the course of the sale proceedings. . . . A purchaser's good faith is lost by fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders."

*In re Allard*, No. 18-14092 (MG), 2019 Bankr. LEXIS 2924, at *12 (Bankr. S.D.N.Y. Sep. 20, 2019)(citing *Licensing by Paolo, Inc. v. Sinatra (In re Gucci)*, 126 F.3d 380, 390 (2d Cir. 1997))(internal citations omitted).

63.     Here, the Trustee and the Buyer have each acted in good faith.

64.     Furthermore, to the extent that the Buyer is not ultimate purchaser of the Property, the selection of the successful bidder will be the result of an opportunity to submit an overbid.

65.     To the extent that the Buyer is not the ultimate purchaser of the Property, the successful bidder will be selected by the Trustee following a public auction at the sale hearing, after the Trustee's review of indications of interest by all potential purchasers and the Trustee's determination that the offer of the successful bidder is the most favorable offer submitted for the Property.

66.     Accordingly, the Trustee requests that the Court make a finding that the Buyer, or the successful bidder, is entitled to the protections of 11 U.S.C. § 363(m), and requests that such a finding be included in the Final Sale Order.

## G.  Authority for Trustee to Execute Documents and Pay Any Necessary Expenses at Closing

67.     The Trustee also seeks authority to: (a) execute any and all documents she deems

reasonable and necessary to effectuate the sale and transfer of the Property to the Buyer or the successful bidder; and (b) pay, at closing from the sale proceeds, any other costs and/or expenses for which the Trustee is responsible, or which the Trustee otherwise deems reasonable and necessary to effectuate the sale and transfer of the Property to the Buyer or the successful bidder, without further order of this Court.

**H.  Other Conditions of the Proposed Sale**

68.    **The Property is being sold "AS IS, WHERE IS," with no representations or warranties of any type being given by the Trustee and/or her employees, agents, or representatives, including, but not limited to, her attorneys and the Brokers.**

69.    **The Buyer or the successful bidder shall be responsible for the payment of all fees, costs and taxes arising from or related to the transfer of the Estate's right, title and interest in the Property.**

70.    **In addition, the Buyer or the successful bidder shall be responsible for confirming that no liens, claims or encumbrances other than those referenced herein, exist.**

71.    **Further, the Buyer, or the successful bidder, shall be responsible for obtaining and paying for title insurance (if they so desire), and shall be responsible for preparing all documentation necessary to consummate the Proposed Sale and the costs associated with same.**

72.    **The only documents the Trustee shall be required to provide to the Buyer to consummate the Proposed Sale are: (i) an executed Trustee's Deed; and (ii) a certified copy of the Final Sale Order.**

**I.  Relief from the Fourteen-Day Waiting Period Under Bankruptcy Rule 6004(h) is Appropriate**

73.    Because, among other things, time is of the essence to the Trustee (and likely the

Buyer and/or the successful bidder), and administrative expenses and carrying costs, including taxes and insurance are accruing daily, the Trustee requests that the Final Sale Order contain a waiver of the 14 day stay period pursuant to Rule 6004(h) and 6006(d) and authorize the parties to close on the sale and assign the Solar Contract, immediately upon entry of the Final Sale Order, notwithstanding that circumstances may keep the Trustee from closing sooner than 14 days following entry of the Final Sale Order

### J. Retention of Jurisdiction

74.     The Trustee respectfully requests that the Final Sale Order vest this Court with sole and exclusive personal and subject matter jurisdiction to interpret, implement, enforce and resolve any and all disputes arising from or related to the: (a) relief sought in this Motion; (b) the Proposed Sale; and (c) relief authorized by the Final Sale Order.

### K. Exculpation of Trustee and Her Agents, Representatives & Professionals

75.     The Trustee further requests that the final sale order contain standard language exculpating the Trustee and her agents, representatives, and professionals from and against any and all claims and causes of action, which may or could be asserted against them arising from or related to the performance of their duties in connection with the Proposed Sale, except for claims or causes of action based on gross negligence or willful misconduct.

### V.  <u>REQUESTED RELIEF</u>

76.     In light of the foregoing, the Trustee respectfully requests that this Court enter an Order: (a) approving the Proposed Sale of the Property to the Buyer, or the successful bidder as they case may be, subject to all liens, claims and encumbrances, other than the Vitality Lien, as set forth herein; (b) authorizing the overbid procedures, if necessary, to determine the highest and best offer for the Property; (c) waiving the 14-day stay period under Rules 6004(h) and 6006(d); (d)

retaining sole and exclusive personal and subject matter jurisdiction over all interested parties and the sale itself to interpret, implement, enforce and resolve any and all disputes arising from or related to the (i) relief sought in this Motion; (ii) the sale of the Property; and (iii) relief authorized by the Final Sale Order; (e) exculpating the Trustee and her agents, representatives, and professionals from and against any and all claims and causes of action which may or could be asserted against them arising from or related to the performance of their duties in connection with the Proposed Sale, except for claims or causes of action based on gross negligence or willful misconduct; and (f) granting any other legal and equitable relief to which the Trustee is entitled.

**WHEREFORE**, Maria M. Yip, as Chapter 7 trustee of the bankruptcy estate of Lynne Ai Bui, respectfully requests that this Honorable Court enter an Order: (a) granting the Motion; (b) approving the Proposed Sale of the Property to the Buyers, or the successful bidders as they case may be, subject to all liens, claims and encumbrances, other than the Vitality Lien, as set forth herein; (c) authorizing the overbid procedures, if necessary, to determine the highest and best offer for the property; (d) waiving the 14-day stay period under Rule 6004(h) and 6006(d); (e) retaining sole and exclusive personal and subject matter jurisdiction over all interested parties and the sale itself to interpret, implement, enforce and resolve any and all disputes arising from or related to the (i) relief sought in this Motion; (ii) the sale of the Property; and (iii) relief authorized by the Final Sale Order; (f) exculpating the Trustee and her agents, representatives, and professionals from and against any and all claims and causes of action which may or could be asserted against them arising from or related to the performance of their duties in connection with the Proposed Sale, except for claims or causes of action based on gross negligence or willful misconduct; and (g) granting such other and further relief as the Court deems just and proper.

15

Dated:  February 12, 2026   Respectfully submitted,

           **MARKOWITZ RINGEL TRUSTY & HARTOG, P.A.**
           *General Counsel to the Chapter 7 Trustee*
           101 NE Third Avenue, Suite 1210
           Fort Lauderdale, Florida 33301
           Tel: (954) 767-0030 / Fax: (954) 767-0035

           By: *s/Alan R. Rosenberg*      
            ALAN R. ROSENBERG
            Florida Bar No. 92004
            Email: arosenberg@mrthlaw.com

# EXHIBIT 'A'

## Fidelity National Title Company

### PRELIMINARY REPORT

*In response to the application for a policy of title insurance referenced herein,* **Fidelity National Title Company** *hereby reports that it is prepared to issue, or cause to be issued, as of the date hereof, a policy or policies of title insurance describing the land and the estate or interest therein hereinafter set forth, insuring against loss which may be sustained by reason of any defect, lien or encumbrance not shown or referred to as an exception herein or not excluded from coverage pursuant to the printed Schedules, Conditions and Stipulations or Conditions of said policy forms.*

*The printed Exceptions and Exclusions from the coverage and Limitations on Covered Risks of said policy or policies are set forth in Attachment One. The policy to be issued may contain an arbitration clause. When the Amount of Insurance is less than that set forth in the arbitration clause, all arbitrable matters shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties. Limitations on Covered Risks applicable to the CLTA and ALTA Homeowner's Policies of Title Insurance which establish a Deductible Amount and a Maximum Dollar Limit of Liability for certain coverages are also set forth in Attachment One. Copies of the policy forms should be read. They are available from the office which issued this report.*

*This report (and any supplements or amendments hereto) is issued solely for the purpose of facilitating the issuance of a policy of title insurance and no liability is assumed hereby. If it is desired that liability be assumed prior to the issuance of a policy of title insurance, a Binder or Commitment should be requested.*

*The policy(ies) of title insurance to be issued hereunder will be policy(ies) of Fidelity National Title Insurance Company, a Florida corporation.*

***Please read the exceptions shown or referred to herein and the exceptions and exclusions set forth in Attachment One of this report carefully. The exceptions and exclusions are meant to provide you with notice of matters which are not covered under the terms of the title insurance policy and should be carefully considered.***

***It is important to note that this preliminary report is not a written representation as to the condition of title and may not list all liens, defects and encumbrances affecting title to the land.***

Fidelity National Title Insurance Company

By:

_____
Michael J. Nolan, President

Countersigned By:

_____
Starr Wolf
Authorized Officer or Agent

SEAL

Attest:

_____
Marjorie Nemzura, Secretary

*Visit Us on our Website:* _www.fntic.com_

## Fidelity National Title Company

**ISSUING OFFICE:** 1200 Concord Ave., Suite 400, Concord, CA 94520

**FOR SETTLEMENT INQUIRIES, CONTACT:**
Fidelity National Title Company
12295 Saratoga Sunnyvale Road, Suite 700 • Saratoga, CA 95070
(408)827-0008 • FAX (408)354-4907

*Another Prompt Delivery From Fidelity National Title Company Title Department*
*Where Local Experience And Expertise Make A Difference*

## PRELIMINARY REPORT

**Amendment A**

| | |
|---|---|
| Title Officer:  John Giambrone | Escrow Officer:  Mary Reyna |
| Email:  john.giambrone@titlegroup.fntg.com | Email:  Mary.Reyna@fnf.com |
| Title No.:  FCHC-TO26000078-JG | Escrow No.:  FSBC-0282600050 |

TO: LoanEdge Capital Management
    55 N. 3rd Street #101
    Campbell, CA 95008
    Attn:  James Castellanos

**PROPERTY ADDRESS(ES):**  4280 Knollview Drive, Danville, CA

**EFFECTIVE DATE:  January 22, 2026 at 07:30 AM**

The form of policy or policies of title insurance contemplated by this report is:

ALTA Loan Policy 2021 Extended

1.  THE ESTATE OR INTEREST IN THE LAND HEREINAFTER DESCRIBED OR REFERRED TO COVERED BY THIS REPORT IS:

    A FEE

2.  TITLE TO SAID ESTATE OR INTEREST AT THE DATE HEREOF IS VESTED IN:

    Lynne A. Bui, an unmarried woman, subject to proceedings pending in the bankruptcy court where a petition for relief was filed.
    Name of Debtor: Lynne Ai Bui
    Date of Filing: July 10, 2023
    U.S. District Court: Middle District of Florida
    Case No: 8:23-bk-02914-RCT

3.  THE LAND REFERRED TO IN THIS REPORT IS DESCRIBED AS FOLLOWS:

    SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

# EXHIBIT "A"
### Legal Description

**For APN/Parcel ID(s):  220-341-014-3**

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE UNINCORPORATED AREA IN THE COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

LOT 14, AS SHOWN ON THE MAP OF SUBDIVISION 7040, FILED OCTOBER 3, 1988, MAP BOOK 325, PAGE 48, CONTRA COSTA COUNTY RECORDS.

EXCEPTING THEREFROM: RIGHTS RESERVED IN THE DEED FROM DAME' CONSTRUCTION COMPANY, INC., A CALIFORNIA CORPORATION, RECORDED JANUARY 24, 1990 IN BOOK 15615 OF OFFICIAL RECORDS, PAGE 951, AS FOLLOWS.

EXCEPT THEREFROM THE MINERALS, OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES LYING BELOW THE SURFACE OF SAID LAND.

**AT THE DATE HEREOF, EXCEPTIONS TO COVERAGE IN ADDITION TO THE PRINTED EXCEPTIONS AND EXCLUSIONS IN SAID POLICY FORM WOULD BE AS FOLLOWS:**

1.      Property taxes, which are a lien not yet due and payable, including any assessments collected with taxes to be levied for the fiscal year 2026-2027.

2.      Property taxes, including any personal property taxes and any assessments collected with taxes are as follows:

Code Area:           66123
Tax ID No.:          220-341-014-3
Fiscal Year:         2025-2026
1st Installment:     $7,532.10, Paid
2nd Installment:     $7,532.10, Open
Exemption:           $0.00
Land:                $640,123.00
Improvements:        $596,594.00
Personal Property:   $0.00

Prior to close of escrow, please contact the Tax Collector's Office to confirm all amounts owing, including current fiscal year taxes, supplemental taxes, escaped assessments and any delinquencies.

3.      The lien of supplemental or escaped assessments of property taxes, if any, made pursuant to the provisions of Chapter 3.5 (commencing with Section 75) or Part 2, Chapter 3, Articles 3 and 4, respectively, of the Revenue and Taxation Code of the State of California as a result of the transfer of title to the vestee named in Schedule A or as a result of changes in ownership or new construction occurring prior to Date of Policy.

4.      All taxes or assessments approved, levied or enacted by the State, County, Municipality, Township or similar taxing authority, which are not yet due and payable, including but not limited to any retroactive increases in taxes or assessments resulting from any retroactive increase in the valuation of the land by the State, County, Municipality, Township, or other taxing authority.

Any possible charges or assessments for water bills, public utilities, code enforcement and sanitary bills which may exist, but have not yet been recorded and/or filed.

5.      Any liens or other assessments, bonds, or special district liens including without limitation, Community Facility Districts, that arise by reason of any local, City, Municipal or County Project or Special District.

## EXCEPTIONS
(continued)

6.      Covenants, conditions, or restrictions, if any, appearing in the Public Records; however, this policy insures against loss or damage arising from:

(a) the violation of those covenants, conditions, or restrictions on or prior to Date of Policy;

(b) a forfeiture or reversion of Title from a future violation of those covenants, conditions, or restrictions, including those relating to environmental protection; and

(c) provisions in those covenants, conditions, or restrictions, including those relating to environmental protection, under which the lien of the Insured Mortgage can be extinguished, subordinated, or impaired.

As used in paragraph 2(a), the words "covenants, conditions, or restrictions" do not refer to or include any covenant, condition, or restriction (a) relating to obligations of any type to perform maintenance, repair or remediation on the Land, or (b) pertaining to environmental protection of any kind or nature, including hazardous or toxic matters, conditions, or substances, except to the extent that a notice of a violation or alleged violation affecting the Land has been recorded or filed in the Public Records at Date of Policy and is not referenced in an addendum attached to this policy.

7.      Any easements or servitudes appearing in the Public Records; however, this policy insures against loss or damage arising from (a) the encroachment, at Date of Policy, of the improvements on any easement, and (b) any interference with or damage to existing improvements, including lawns, shrubbery, and trees, resulting from the use of the easements for the purposes granted or reserved.

8.      Any lease, grant, exception, or reservation of minerals or mineral rights or other subsurface substances appearing in the Public Records; however, this policy insures against loss or damage arising from (a) any effect on or impairment of the use of the Land for residential one-to-four family dwelling purposes by reason of such lease, grant, exception or reservation of minerals or mineral rights or other subsurface substances, and (b) any damage to existing improvements, including lawns, shrubbery, and trees, resulting from the future exercise of any right to use the surface of the Land for the extraction or development of the minerals or mineral rights or other subsurface substances so leased, granted, excepted, or reserved. Nothing herein shall insure against loss or damage resulting from contamination, explosion, fire, fracturing, vibration, earthquake or subsidence

9.      A deed of trust to secure an indebtedness in the amount shown below,

Amount:             $497,900.00
Dated:              June 26, 2020
Trustor/Grantor:    Lynne A. Bui, an unmarried woman
Trustee:            Fidelity National Title
Beneficiary:        Mortgage Electronic Registration Systems, Inc. (MERS), solely as nominee for Guaranteed Rate Affinity, LLC
Loan No.:           2099182157
Recording Date:     July 6, 2020
Recording No.:      2020-0132721-00, of Official Records

## EXCEPTIONS
(continued)

By various assignments, the beneficial interest thereunder is now held of record in:

Assignee:          Nationstar Mortgage LLC
Loan No.:          717938377
Recording Date:    December 11, 2023
Recording No:      2023-0130950, of Official Records


10.    A deed of trust to secure an indebtedness in the amount shown below,

Amount:            $725,000.00
Dated:             August 15, 2022
Trustor/Grantor    Lynne A. Bui, an unmarried woman
Trustee:           BDS Capital, Inc.
Beneficiary:       Cynthia and David Lazares, Trustees of the Lazares Family Trust, $500,000.00 as
68.966% interest; Kristin Furlong, a married woman as her sole and separate property, $175,000.00 as
24.138% interest; Garrett Furlong, a single man, $50,000.00 as 6.897% interest
Loan No.:          2428
Recording Date:    August 18, 2022
Recording No.:     2022-0128112, of Official Records

Said deed of trust recites that it is subordinate to the first trust deed recorded on 7/6/2020 Instrument
Number 2020-0132721-00.

11.    An abstract of judgment for the amount shown below and any other amounts due:

Amount:            $1,112,500.00
Debtor:            Lynne A. Bui, aka Lynh Bui, and the Trustees of the Lynne A. Bui Living Trust dated
August 3, 2009
Creditor:          Eric J. Weissman, as Trustee of The Vitality Health Plan of California, Inc. Creditor
Trust
Date entered:      April 13, 2023
Court:             United States Bankruptcy Court, Central District of California
Adversary Number:        2:22-ap-01006-WB
Case No.:          2:20-bk-21041-WB
Recording Date:    May 12, 2023
Recording No.:     2023-0044850, of Official Records

12.    Furnish proof satisfactory to the Company that the proposed conveyance/mortgage necessary for the
proposed insured transaction complies with all requirements of the United States Bankruptcy Code for the
following person or entity:

Name of possible debtor:       Lynne A. Bui

13.    Any defect or invalidity of the title to said Land arising out of or occasioned by a violation of the Bankruptcy
Code.

**14.    The transaction contemplated in connection with this Report is subject to the review and approval
of the Company's Corporate Underwriting Department.**

The Company reserves the right to add additional items or make further requirements after such review.

**EXCEPTIONS**
(continued)

**END OF EXCEPTIONS**

Title No.:  FCHC-TO26000078-JG
Amendment: A

## NOTES

**Note 1.**    Notice: Please be aware that due to the conflict between federal and state laws concerning the cultivation, distribution, manufacture or sale of marijuana, the Company is not able to close or insure any transaction involving Land that is associated with these activities.

**Note 2.**    Pursuant to Government Code Section 27388.1, as amended and effective as of 1-1-2018, a Documentary Transfer Tax (DTT) Affidavit may be required to be completed and submitted with each document when DTT is being paid or when an exemption is being claimed from paying the tax. If a governmental agency is a party to the document, the form will not be required. DTT Affidavits may be available at a Tax Assessor-County Clerk-Recorder.

**Note 3.**    Note: The Company is not aware of any matters which would cause it to decline to attach CLTA Endorsement Form 116 indicating that there is located on said Land a Single Family Residence within a Planned Unit Development, known as 4280 Knollview Drive, Danville, California, to an Extended Coverage Loan Policy.

**Note 4.**    Note: There are NO conveyances affecting said Land recorded within 24 months of the date of this report.

**Note 5.**    The below cities impose a city transfer tax on real property transfers, as mandated through local ordinance pursuant to R and T Code 11911. If the herein described property lies within city limits, please visit the below site for current rates:

Alameda        www.alamedaca.gov
Albany         www.albanyca.org
Berkeley       www.berkeleyca.gov
El Cerrito     www.el-cerrito.org
Emeryville     www.ci.emeryville.ca.us
Hayward        www.hayward-ca.gov
Oakland        www.oaklandca.gov
Piedmont       www.piedmont.ca.gov
Richmond       www.ci.richmond.ca.us
San Leandro    www.sanleandro.org
San Francisco  www.sf.gov

**Note 6.**    If a county recorder, title insurance company, escrow company, real estate agent or association provides a copy of the declaration, governing document or deed to any person, California law requires that the document provided shall include a statement regarding any unlawful restrictions. Said statement is to be in at least 14-point bold faced typed and may be stamped on the first page of any document provided or included as a cover page attached to the requested document. Should a party to this transaction request a copy of any document reported herein that fits this category, the statement is to be included in the manner described.

**NOTES**
(continued)

**Note 7.**    The application for title insurance was placed by reference to only a street address or tax identification number. The proposed Insured must confirm that the legal description in this report covers the parcel(s) of Land requested to be insured. If the legal description is incorrect, the proposed Insured must notify the Company and/or the settlement company in order to prevent errors and to be certain that the legal description for the intended parcel(s) of Land will appear on any documents to be recorded in connection with this transaction and on the policy of title insurance.

**Note 8.**    Any documents being executed in conjunction with this transaction must be signed in the presence of an authorized Company employee, an authorized employee of an agent, an authorized employee of the insured lender, or by using Bancserv or other approved third-party service. If the above requirements cannot be met, please call the company at the number provided in this report.

**NOTES**
(continued)

**Note 9.**    The following Exclusion(s) are added to preliminary reports, commitments and will be included as an endorsement in the following policies

A.                2006 ALTA Owner's Policy (06-17-06).

6.                Defects, liens, encumbrances, adverse claims, notices, or other matters not appearing in the Public Records but that would be disclosed by an examination of any records maintained by or on behalf of a Tribe or on behalf of its members.

B.                2006 ALTA Loan Policy (06-17-06).

8.                 Defects, liens, encumbrances, adverse claims, notices, or other matters not appearing in the Public Records but that would be disclosed by an examination of any records maintained by or on behalf of a Tribe or on behalf of its members.

9.                Any claim of invalidity, unenforceability, or lack of priority of the lien of the Insured Mortgage based on the application of a Tribe's law resulting from the failure of the Insured Mortgage to specify State law as the governing law with respect to the lien of the Insured Mortgage.

C.                ALTA Homeowner's Policy of Title Insurance (12-02-13) and CLTA Homeowner's Policy of Title Insurance (12-02-13).

10.                Defects, liens, encumbrances, adverse claims, notices, or other matters not appearing in the Public Records but that would be disclosed by an examination of any records maintained by or on behalf of a Tribe or on behalf of its members.

D.                ALTA Expanded Coverage Residential Loan Policy - Assessments Priority (04-02-15).

12.                Defects, liens, encumbrances, adverse claims, notices, or other matters not appearing in the Public Records but that would be disclosed by an examination of any records maintained by or on behalf of a Tribe or on behalf of its members.

13.                Any claim of invalidity, unenforceability, or lack of priority of the lien of the Insured Mortgage based on the application of a Tribe's law resulting from the failure of the Insured Mortgage to specify State law as the governing law with respect to the lien of the Insured Mortgage.

E.                ALTA Expanded Coverage Residential Loan Policy - Assessments Priority (04-02-15).

7.                Defects, liens, encumbrances, adverse claims, notices, or other matters not appearing in the public records but that would be disclosed by an examination of any records maintained by or on behalf of a tribe or on behalf of its members.

8.                Any claim of invalidity, unenforceability, or lack of priority of the lien of the insured mortgage based on the application of a tribe's law resulting from the failure of the insured mortgage to specify state law as the governing law with respect to the lien of the insured mortgage.

**END OF NOTES**



Inquire before you wire!

# WIRE FRAUD ALERT

This Notice is not intended to provide legal or professional advice.
If you have any questions, please consult with a lawyer.

All parties to a real estate transaction are targets for wire fraud and many have lost hundreds of thousands of dollars because they simply relied on the wire instructions received via email, without further verification.  **If funds are to be wired in conjunction with this real estate transaction, we strongly recommend verbal verification of wire instructions through a known, trusted phone number prior to sending funds.**

In addition, the following non-exclusive self-protection strategies are recommended to minimize exposure to possible wire fraud.

- **NEVER RELY** on emails purporting to change wire instructions.  Parties to a transaction rarely change wire instructions in the course of a transaction.

- **ALWAYS VERIFY** wire instructions, specifically the ABA routing number and account number, by calling the party who sent the instructions to you.  DO NOT use the phone number provided in the email containing the instructions, use phone numbers you have called before or can otherwise verify.  **Obtain the number of relevant parties to the transaction as soon as an escrow account is opened.**  DO NOT send an email to verify as the email address may be incorrect or the email may be intercepted by the fraudster.

- **USE COMPLEX EMAIL PASSWORDS** that employ a combination of mixed case, numbers, and symbols. Make your passwords greater than eight (8) characters.  Also, change your password often and do NOT reuse the same password for other online accounts.

- **USE MULTI-FACTOR AUTHENTICATION** for email accounts.  Your email provider or IT staff may have specific instructions on how to implement this feature.

For more information on wire-fraud scams or to report an incident, please refer to the following links:

*Federal Bureau of Investigation:*                         *Internet Crime Complaint Center:*
*http://www.fbi.gov*                                              *http://www.ic3.gov*

*TM and © Fidelity National Financial, Inc. and/or an affiliate.  All rights reserved*

## FIDELITY NATIONAL FINANCIAL
## PRIVACY NOTICE

Effective January 1, 2026

Fidelity National Financial, Inc. and its majority-owned subsidiary companies (collectively, "FNF," "our," or "we") respect and are committed to protecting your privacy.  This Privacy Notice explains how we collect, use, and protect personal information, when and to whom we disclose such information, and the choices you have about the use and disclosure of that information.

A limited number of FNF subsidiaries have their own privacy notices.  If a subsidiary has its own privacy notice, the privacy notice will be available on the subsidiary's website and this Privacy Notice does not apply.

### Collection of Personal Information
FNF may collect the following categories of Personal Information:
- contact information (*e.g.*, name, address, phone number, email address);
- demographic information (*e.g.*, date of birth, gender, marital status);
- identity information (*e.g.,* Social Security Number, driver's license, passport, or other government ID number);
- financial account information (*e.g.,* loan or bank account information);
- biometric data (e.g., fingerprints, retina or iris scans, voiceprints, or other unique biological characteristics; and
- other personal information necessary to provide products or services to you.

We may collect Personal Information about you from:
- information we receive from you or your agent;
- information about your transactions with FNF, our affiliates, or others; and
- information we receive from consumer reporting agencies and/or governmental entities, either directly from these entities or through others.

### Collection of Device and Browsing Information
FNF automatically collects the following categories of Browsing Information when you access an FNF website, online service, or application (each an "FNF Website") from your Internet browser, computer, and/or device:
- Internet Protocol (IP) address and operating system;
- browser information, such as version, language, and type;
- device type and operating system;
- domain name system requests; and
- browsing history on the FNF Website, such as date and time of your visit to the FNF Website and visits to the pages within the FNF Website.

Like most websites, our servers automatically log each visitor to the FNF Website and may collect the Browsing Information described above.  We use Browsing Information for system administration, troubleshooting, fraud investigation, and to improve our websites.  Browsing Information generally does not reveal anything personal about you, though if you have created a user account for an FNF Website and are logged into that account, the FNF Website may be able to link certain browsing activity to your user account.

### Other Online Specifics
<u>Website Analytics</u>.  We use Google Analytics to understand how visitors interact with FNF Websites.  Google Analytics may collect information such as your IP address, device type, and pages visited to help us analyze site traffic and to personalize your browsing experience on our site.  If you don't want Google Analytics to be used in your browser, you can install the Google Analytics browser add-on, which Google makes available online.

<u>Cookies</u>.  When you visit an FNF Website, a "cookie" may be sent to your computer.  A cookie is a small piece of data that is sent to your Internet browser from a web server and stored on your computer's hard drive.  Information gathered using cookies helps us improve your user experience.  For example, a cookie can help the website load properly or can customize the display page based on your browser type and user preferences.  You can choose whether or not to accept cookies by changing your Internet browser settings.  Be aware that doing so may impair or limit some functionality of the FNF Website.

<u>Web Beacons</u>.  We use web beacons to determine when and how many times a page has been viewed.  This information is used to improve our websites.

<u>Do Not Track</u>.  Currently our FNF Websites do not respond to "Do Not Track" features enabled through your browser.

Copyright © 2026.  Fidelity National Financial, Inc.  All Rights Reserved.

Links to Other Sites.  FNF Websites may contain links to unaffiliated third-party websites.  FNF is not responsible for the privacy practices or content of those websites.  We recommend that you read the privacy policy of every website you visit.

**Use of Personal Information**

FNF uses Personal Information for these main purposes:

- To provide products and services to you or in connection with a transaction involving you.
- To improve our products and services.
- To prevent and detect fraud;
- To maintain the security of our systems, tools, accounts, and applications;
- To verify and authenticate identities and credentials;
- To communicate with you about our, and our affiliates' services, jointly or independently;
- To provide reviews and testimonials about our services, with your consent.

**When Information Is Disclosed**

We may disclose the categories of Personal Information and Browsing Information listed above for the following purposes:

- to enable us to detect or prevent criminal activity, fraud, material misrepresentation, or nondisclosure;
- to affiliated or nonaffiliated service providers who provide or perform services or functions on our behalf and who agree to use the information only to provide such services or functions;
- to affiliated or nonaffiliated third parties with whom we perform joint marketing, pursuant to an agreement with them to jointly market financial products or services to you;
- to law enforcement or authorities in connection with an investigation, or in response to a subpoena or court order; or
- in the good-faith belief that such disclosure is necessary to comply with legal process or applicable laws, or to protect the rights, property, or safety of FNF, its customers, or the public.

The law does not require your prior authorization and does not allow you to restrict the disclosures described above.  Additionally, we may disclose your information to third parties for whom you have given us authorization or consent to make such disclosure.  We do not otherwise share your Personal Information or Browsing Information with nonaffiliated third parties, except as required or permitted by law.

We reserve the right to transfer your Personal Information, Browsing Information, and any other information, in connection with the sale or other disposition of all or part of the FNF business and/or assets, or in the event of bankruptcy, reorganization, insolvency, receivership, or an assignment for the benefit of creditors.  By submitting Personal Information and/or Browsing Information to FNF, you expressly agree and consent to the use and/or transfer of the foregoing information in connection with any of the above described proceedings.

**Security of Your Information**

We maintain physical, electronic, and procedural safeguards to protect your Personal Information.

**Choices With Your Information**

Whether you submit Personal Information or Browsing Information to FNF is entirely up to you.  If you decide not to submit Personal Information or Browsing Information, FNF may not be able to provide certain services or products to you.

**State-Specific Consumer Privacy Information:**

For additional information about your state-specific consumer privacy rights, to make a consumer privacy request, or to appeal a previous privacy request, please follow the link Privacy Request, or email privacy@fnf.com, or call (888) 714-2710.

Certain state privacy laws require that FNF disclose the categories of third parties to which FNF may disclose the Personal Information and Browsing Information listed above. Those categories are:

- FNF affiliates and subsidiaries;
- Non-affiliated third parties, with your consent;
- Businesses in connection with the sale or other disposition of all or part of the FNF business and/or assets;
- Service providers;
- Law enforcement or authorities in connection with an investigation, or in response to a subpoena or court order.

Copyright © 2026.  Fidelity National Financial, Inc.  All Rights Reserved.

<u>For California Residents</u>:  We will not share your Personal Information or Browsing Information with nonaffiliated third parties, except as permitted by California law.  For additional information about your California privacy rights, please visit the "California Privacy" link on our website (fnf.com/california-privacy) or call (888) 413-1748.

<u>For Nevada Residents</u>:  We are providing this notice pursuant to state law.  You may be placed on our internal Do Not Call List by calling FNF Privacy at (888) 714-2710 or by contacting us via the information set forth at the end of this Privacy Notice.  For further information concerning Nevada's telephone solicitation law, you may contact: Bureau of Consumer Protection, Office of the Nevada Attorney General, 555 E. Washington St., Suite 3900, Las Vegas, NV 89101; Phone number:  (702) 486-3132; email:  aginquiries@ag.state.nv.us.

<u>For Oregon Residents</u>:  We will not share your Personal Information or Browsing Information with nonaffiliated third parties for marketing purposes, except after you have been informed by us of such sharing and had an opportunity to indicate that you do not want a disclosure made for marketing purposes.  For additional information about your Oregon consumer privacy rights, or to make a consumer privacy request, or appeal a previous privacy request, please email privacy@fnf.com or call (888) 714-2710

FNF is the controller of the following businesses registered with the Secretary of State in Oregon:
Chicago Title Company of Oregon, Fidelity National Title Company of Oregon, Lawyers Title of Oregon, LoanCare, Ticor, Title Company of Oregon, Western Title & Escrow Company, Chicago Title Company, Chicago Title Insurance Company, Commonwealth Land Title Insurance Company, Fidelity National Title Insurance Company, Liberty Title & Escrow, Novare National Settlement Service, Ticor Title Company of California, Exos Valuations, Fidelity & Guaranty Life, Insurance Agency, Fidelity National Home Warranty Company, Fidelity National Management Services, Fidelity Residential Solutions, FNF Insurance Services, FNTG National Record Centers, IPEX, Mission Servicing Residential, National Residential Nominee Services, National Safe Harbor Exchanges, National Title Insurance of New York, NationalLink Valuations, NexAce Corp., ServiceLink Auction, ServiceLink Management Company, ServiceLink Services, ServiceLink Title Company of Oregon, ServiceLink Valuation Solutions, Western Title & Escrow Company

<u>For Vermont Residents</u>:  We will not disclose information about your creditworthiness to our affiliates and will not disclose your personal information, financial information, credit report, or health information to nonaffiliated third parties to market to you, other than as permitted by Vermont law, unless you authorize us to make those disclosures.

## Information From Children
The FNF Websites are not intended or designed to attract persons under the age of eighteen (18).  We do <u>not</u> collect Personal Information from any person that we know to be under the age of thirteen (13) without permission from a parent or guardian.

## International Users
FNF's headquarters is located within the United States.  If you reside outside the United States and choose to provide Personal Information or Browsing Information to us, please note that we may transfer that information outside of your country of residence.  By providing FNF with your Personal Information and/or Browsing Information, you consent to our collection, transfer, and use of such information in accordance with this Privacy Notice.

## FNF Website Services for Mortgage Loans
Certain FNF companies provide services to mortgage loan servicers, including hosting websites that collect customer information on behalf of mortgage loan servicers (the "Service Websites").  The Service Websites may contain links to both this Privacy Notice and the mortgage loan servicer or lender's privacy notice.  The sections of this Privacy Notice titled When Information is Disclosed, Choices with Your Information, and Accessing and Correcting Information do not apply to the Service Websites.  The mortgage loan servicer or lender's privacy notice governs use, disclosure, and access to your Personal Information.  FNF does not share Personal Information collected through the Service Websites, except as required or authorized by contract with the mortgage loan servicer or lender, or as required by law or in the good-faith belief that such disclosure is necessary:  to comply with a legal process or applicable law, to enforce this Privacy Notice, or to protect the rights, property, or safety of FNF or the public.

Copyright © 2026.  Fidelity National Financial, Inc.  All Rights Reserved.

**Your Consent to this Privacy Notice; Notice Changes**

By submitting Personal Information and/or Browsing Information to FNF, you consent to the collection and use of the information in accordance with this Privacy Notice.  We may change this Privacy Notice at any time.  The Privacy Notice's effective date will show the last date changes were made.  If you provide information to us following any change of the Privacy Notice, that signifies your assent to and acceptance of the changes to the Privacy Notice.

**Accessing and Correcting Information; Contact Us**

If you have questions or would like to correct your Personal Information, visit FNF's Privacy Request website or contact us by phone at (888) 714-2710, by email at privacy@fnf.com, or by mail to:

Fidelity National Financial, Inc.
601 Riverside Avenue,
Jacksonville, Florida 32204
Attn:  Chief Privacy Officer

Copyright © 2026.  Fidelity National Financial, Inc.  All Rights Reserved.

# ATTACHMENT ONE

## CALIFORNIA LAND TITLE ASSOCIATION
## STANDARD COVERAGE POLICY - 1990 (11-09-18)

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1.  (a)  Any law, ordinance or governmental regulation (including but not limited to building or zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien, or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.

    (b)  Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.

2.  Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.

3.  Defects, liens, encumbrances, adverse claims or other matters:

    (a)  whether or not recorded in the public records at Date of Policy, but created, suffered, assumed or agreed to by the insured claimant;

    (b)  not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy;

    (c)  resulting in no loss or damage to the insured claimant;

    (d)  attaching or created subsequent to Date of Policy; or

    (e)  resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage or for the estate or interest insured by this policy.

4.  Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with the applicable doing business laws of the state in which the land is situated.

5.  Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.

6.  Any claim, which arises out of the transaction vesting in the insured the estate or interest insured by this policy or the transaction creating the interest of the insured lender, by reason of the operation of federal bankruptcy, state insolvency or similar creditors' rights laws.

## EXCEPTIONS FROM COVERAGE - SCHEDULE B, PART I

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of:

1.  Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records.

    Proceedings by a public agency which may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the public records.

2.  Any facts, rights, interests, or claims which are not shown by the public records but which could be ascertained by an inspection of the land or which may be asserted by persons in possession thereof.

3.  Easements, liens or encumbrances, or claims thereof, not shown by the public records.

4.  Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other facts which a correct survey would disclose, and which are not shown by the public records.

5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b) or (c) are shown by the public records.

6.  Any lien or right to a lien for services, labor or material unless such lien is shown by the public records at Date of Policy.

## EXCEPTIONS FROM COVERAGE - SCHEDULE B, PART II

*(Variable exceptions such as taxes, easements, CC&R's, etc., are inserted here)*

# ATTACHMENT ONE
### (CONTINUED)

## CALIFORNIA LAND TITLE ASSOCIATION
## STANDARD COVERAGE OWNER'S POLICY (02-04-22)
## EXCLUSIONS FROM COVERAGE

The following matters are excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1.  a.  any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) that restricts, regulates, prohibits, or relates to:
    i.    the occupancy, use, or enjoyment of the Land;
    ii.   the character, dimensions, or location of any improvement on the Land;
    iii.  the subdivision of land; or
    iv.   environmental remediation or protection.
    b.  any governmental forfeiture, police, regulatory, or national security power.
    c.  the effect of a violation or enforcement of any matter excluded under Exclusion 1.a. or 1.b.
    Exclusion 1 does not modify or limit the coverage provided under Covered Risk 5 or 6.
2.  Any power of eminent domain. Exclusion 2 does not modify or limit the coverage provided under Covered Risk 7.
3.  Any defect, lien, encumbrance, adverse claim, or other matter:
    a.  created, suffered, assumed, or agreed to by the Insured Claimant;
    b.  not Known to the Company, not recorded in the Public Records at the Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
    c.  resulting in no loss or damage to the Insured Claimant;
    d.  attaching or created subsequent to the Date of Policy (Exclusion 3.d. does not modify or limit the coverage provided under Covered Risk 9 or 10); or
    e.  resulting in loss or damage that would not have been sustained if consideration sufficient to qualify the Insured named in Schedule A as a bona fide purchaser had been given for the Title at the Date of Policy.
4.  Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights law, that the transaction vesting the Title as shown in Schedule A is a:
    a.  fraudulent conveyance or fraudulent transfer;
    b.  voidable transfer under the Uniform Voidable Transactions Act; or
    c.  preferential transfer:
    i.    to the extent the instrument of transfer vesting the Title as shown in Schedule A is not a transfer made as a contemporaneous exchange for new value; or
    ii.   for any other reason not stated in Covered Risk 9.b.
5.  Any claim of a PACA-PSA Trust. Exclusion 5 does not modify or limit the coverage provided under Covered Risk 8.
6.  Any lien on the Title for real estate taxes or assessments imposed or collected by a governmental authority that becomes due and payable after the Date of Policy.
    Exclusion 6 does not modify or limit the coverage provided under Covered Risk 2.b.
7   Any discrepancy in the quantity of the area, square footage, or acreage of the Land or of any improvement to the Land.

## EXCEPTIONS FROM COVERAGE

**Some historical land records contain Discriminatory Covenants that are illegal and unenforceable by law.  This policy treats any Discriminatory Covenant in a document referenced in Schedule B as if each Discriminatory Covenant is redacted, repudiated, removed, and not republished or recirculated. Only the remaining provisions of the document are excepted from coverage.**

This policy does not insure against loss or damage and the Company will not pay costs, attorneys' fees, or expenses resulting from the terms and conditions of any lease or easement identified in Schedule A, and the following matters:

## PART I

1.  (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.
2.  Any facts, rights, interests, or claims that are not shown by the Public Records at Date of Policy but that could be (a) ascertained by an inspection of the Land, or (b) asserted by persons or parties in possession of the Land.
3.  Easements, liens or encumbrances, or claims thereof, not shown by the Public Records at Date of Policy.
4.  Any encroachment, encumbrance, violation, variation, easement, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and not shown by the Public Records at Date of Policy.
5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.
6.  Any lien or right to a lien for services, labor, material or equipment unless such lien is shown by the Public Records at Date of Policy.
7.  Any claim to (a) ownership of or rights to minerals and similar substances, including but not limited to ores, metals, coal, lignite, oil, gas, uranium, clay, rock, sand, and gravel located in, on, or under the Land or produced from the Land, whether such ownership or rights arise by lease, grant, exception, conveyance, reservation, or otherwise; and (b) any rights, privileges, immunities, rights of way, and easements associated therewith or appurtenant thereto, whether or not the interests or rights excepted in (a) or (b) appear in the Public Records or are shown in Schedule B.

## PART II

*(Variable exceptions such as taxes, easements, CC&R's, etc., are inserted here)*

# ATTACHMENT ONE
## (CONTINUED)

## CLTA/ALTA HOMEOWNER'S POLICY OF TITLE INSURANCE (7-01-21)
### EXCLUSIONS FROM COVERAGE

The following matters are excluded from the coverage of this policy and We will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1.  a.  any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) that restricts, regulates, prohibits, or relates to:
    i.   the occupancy, use, or enjoyment of the Land;
    ii.  the character, dimensions, or location of any improvement on the Land;
    iii. the subdivision of land; or
    iv.  environmental remediation or protection.
    b.  any governmental forfeiture, police, or regulatory, or national security power.
    c.  the effect of a violation or enforcement of any matter excluded under Exclusion 1.a. or 1.b.
    Exclusion 1 does not modify or limit the coverage provided under Covered Risk 8.a., 14, 15, 16, 18, 19, 20, 23, or 27.
2.  Any power to take the Land by condemnation.  Exclusion 2 does not modify or limit the coverage provided under Covered Risk 17.
3.  Any defect, lien, encumbrance, adverse claim, or other matter:
    a.  created, suffered, assumed, or agreed to by You;
    b.  not Known to Us, not recorded in the Public Records at the Date of Policy, but Known to You and not disclosed in writing to Us by You prior to the date You became an Insured under this policy;
    c.  resulting in no loss or damage to You;
    d.  attaching or created subsequent to the Date of Policy (Exclusion 3.d. does not modify or limit the coverage provided under Covered Risk 5, 8.f., 25, 26, 27, 28, or 32); or
    e.  resulting in loss or damage that would not have been sustained if You paid consideration sufficient to qualify You as a bona fide purchaser of the Title at the Date of Policy.
4.  Lack of a right:
    a.  to any land outside the area specifically described and referred to in Item 3 of Schedule A; and
    b.  in any street, road, avenue, alley, lane, right-of-way, body of water, or waterway that abut the Land.
    Exclusion 4 does not modify or limit the coverage provided under Covered Risk 11 or 21.
5.  The failure of Your existing structures, or any portion of Your existing structures, to have been constructed before, on, or after the Date of Policy in accordance with applicable building codes. Exclusion 5 does not modify or limit the coverage provided under Covered Risk 14 or 15.
6.  Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights law, that the transfer of the Title to You is a:
    a.  fraudulent conveyance or fraudulent transfer;
    b.  voidable transfer under the Uniform Voidable Transactions Act; or
    c.  preferential transfer:
    i.   to the extent the instrument of transfer vesting the Title as shown in Schedule A is not a transfer made as a contemporaneous exchange for new value; or
    ii.  for any other reason not stated in Covered Risk 30.
7.  Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.
8.  Negligence by a person or an entity exercising a right to extract or develop oil, gas, minerals, groundwater, or any other subsurface substance.
9.  Any lien on Your Title for real estate taxes or assessments, imposed or collected by a governmental authority that becomes due and payable after the Date of Policy.  Exclusion 9 does not modify or limit the coverage provided under Covered Risk 8.a or 27.
10. Any discrepancy in the quantity of the area, square footage, or acreage of the Land or of any improvement to the Land.

## LIMITATIONS ON COVERED RISKS

Your insurance for the following Covered Risks is limited on the Owner's Coverage Statement as follows:

*   For Covered Risk 16, 18, 19 and 21 Your Deductible Amount and Our Maximum Dollar Limit of Liability shown in Schedule A.

The deductible amounts and maximum dollar limits shown on Schedule A are as follows:

|  | Your Deductible Amount | Our Maximum Dollar Limit of Liability |
|---|---|---|
| Covered Risk 16: | 1.00% of Policy Amount Shown in Schedule A or $2,500.00 (whichever is less) | $ 10,000.00 |
| Covered Risk 18: | 1.00% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $ 25,000.00 |
| Covered Risk 19: | 1.00% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $ 25,000.00 |
| Covered Risk 21: | 1.00% of Policy Amount Shown in Schedule A or $2,500.00 (whichever is less) | $ 5,000.00 |

## ATTACHMENT ONE
### (CONTINUED)

### CLTA/ALTA HOMEOWNER'S POLICY OF TITLE INSURANCE (12-02-13)
### EXCLUSIONS

In addition to the Exceptions in Schedule B, You are not insured against loss, costs, attorneys' fees, and expenses resulting from:

1.  Governmental police power, and the existence or violation of those portions of any law or government regulation concerning:
    a.  building;
    b.  zoning;
    c.  land use;
    d.  improvements on the Land;
    e.  land division; and
    f.  environmental protection.
    This Exclusion does not limit the coverage described in Covered Risk 8.a., 14, 15, 16, 18, 19, 20, 23 or 27.
2.  The failure of Your existing structures, or any part of them, to be constructed in accordance with applicable building codes. This Exclusion does not limit the coverage described in Covered Risk 14 or 15.
3.  The right to take the Land by condemning it. This Exclusion does not limit the coverage described in Covered Risk 17.
4.  Risks:
    a.  that are created, allowed, or agreed to by You, whether or not they are recorded in the Public Records;
    b.  that are Known to You at the Policy Date, but not to Us, unless they are recorded in the Public Records at the Policy Date;
    c.  that result in no loss to You; or
    d.  that first occur after the Policy Date - this does not limit the coverage described in Covered Risk 7, 8.e., 25, 26, 27 or 28.
5.  Failure to pay value for Your Title.
6.  Lack of a right:
    a.  to any land outside the area specifically described and referred to in paragraph 3 of Schedule A; and
    b.  in streets, alleys, or waterways that touch the Land.
    This Exclusion does not limit the coverage described in Covered Risk 11 or 21.
7.  The transfer of the Title to You is invalid as a preferential transfer or as a fraudulent transfer or conveyance under federal bankruptcy, state insolvency, or similar creditors' rights laws.
8.  Contamination, explosion, fire, flooding, vibration, fracturing, earthquake or subsidence.
9.  Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any other substances.

### LIMITATIONS ON COVERED RISKS

Your insurance for the following Covered Risks is limited on the Owner's Coverage Statement as follows:
*   For Covered Risk 16, 18, 19 and 21, Your Deductible Amount and Our Maximum Dollar Limit of Liability shown in Schedule A.

The deductible amounts and maximum dollar limits shown on Schedule A are as follows:

|  | Your Deductible Amount | Our Maximum Dollar Limit of Liability |
|---|---|---|
| Covered Risk 16: | 1.00% of Policy Amount Shown in Schedule A or $2,500.00 (whichever is less) | $ 10,000.00 |
| Covered Risk 18: | 1.00% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $ 25,000.00 |
| Covered Risk 19: | 1.00% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $ 25,000.00 |
| Covered Risk 21: | 1.00% of Policy Amount Shown in Schedule A or $2,500.00 (whichever is less) | $  5,000.00 |

## ATTACHMENT ONE
### (CONTINUED)

### ALTA OWNER'S POLICY (07-01-2021)

## EXCLUSIONS FROM COVERAGE

The following matters are excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1.  a.  any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) that restricts, regulates, prohibits, or relates to:
        i.   the occupancy, use, or enjoyment of the Land;
        ii.  the character, dimensions, or location of any improvement on the Land;
        iii. the subdivision of land; or
        iv.  environmental remediation or protection.
    b.  any governmental forfeiture, police, regulatory, or national security power.
    c.  the effect of a violation or enforcement of any matter excluded under Exclusion 1.a. or 1.b.
    Exclusion 1 does not modify or limit the coverage provided under Covered Risk 5 or 6.
2.  Any power of eminent domain.  Exclusion 2 does not modify or limit the coverage provided under Covered Risk 7.
3.  Any defect, lien, encumbrance, adverse claim, or other matter:
    a.  created, suffered, assumed, or agreed to by the Insured Claimant;
    b.  not Known to the Company, not recorded in the Public Records at the Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
    c.  resulting in no loss or damage to the Insured Claimant;
    d.  attaching or created subsequent to the Date of Policy (Exclusion 3.d. does not modify or limit the coverage provided under Covered Risk 9 or 10); or
    e.  resulting in loss or damage that would not have been sustained if consideration sufficient to qualify the Insured named in Schedule A as a bona fide purchaser had been given for the Title at the Date of Policy.
4.  Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights law, that the transaction vesting the Title as shown in Schedule A is a:
    a.  fraudulent conveyance or fraudulent transfer;
    b.  voidable transfer under the Uniform Voidable Transactions Act; or
    c.  preferential transfer:
        i.  to the extent the instrument of transfer vesting the Title as shown in Schedule A is not a transfer made as a contemporaneous exchange for new value; or
        ii. for any other reason not stated in Covered Risk 9.b.
5.  Any claim of a PACA-PSA Trust.  Exclusion 5 does not modify or limit the coverage provided under Covered Risk 8.
6.  Any lien on the Title for real estate taxes or assessments, imposed or collected by a governmental authority that becomes due and payable after the Date of Policy.  Exclusion 6 does not modify or limit the coverage provided under Covered Risk 2.b.
7.  Any discrepancy in the quantity of the area, square footage, or acreage of the Land or of any improvement to the Land.

## EXCEPTIONS FROM COVERAGE

**Some historical land records contain Discriminatory Covenants that are illegal and unenforceable by law.  This policy treats any Discriminatory Covenant in a document referenced in Schedule B as if each Discriminatory Covenant is redacted, repudiated, removed, and not republished or recirculated.  Only the remaining provisions of the document are excepted from coverage.**

This policy does not insure against loss or damage and the Company will not pay costs, attorneys' fees, or expenses resulting from the terms and conditions of any lease or easement identified in Schedule A, and the following matters:

*NOTE:  The 2021 ALTA Owner's Policy may be issued to afford either Standard Coverage or Extended Coverage.  In addition to variable exceptions such as taxes, easements, CC&R's, etc., the Exceptions from Coverage in a Standard Coverage policy will also include the Western Regional Standard Coverage Exceptions listed as 1 through 7 below:*

1.  (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.
2.  Any facts, rights, interests, or claims that are not shown by the Public Records at Date of Policy but that could be (a) ascertained by an inspection of the Land or (b) asserted by persons or parties in possession of the Land.
3.  Easements, liens or encumbrances, or claims thereof, not shown by the Public Records at Date of Policy.
4.  Any encroachment, encumbrance, violation, variation, easement, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and not shown by the Public Records at Date of Policy.
5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.
6.  Any lien or right to a lien for services, labor, material or equipment unless such lien is shown by the Public Records at Date of Policy.
7.  Any claim to (a) ownership of or rights to minerals and similar substances, including but not limited to ores, metals, coal, lignite, oil, gas, uranium, clay, rock, sand, and gravel located in, on, or under the Land or produced from the Land, whether such ownership or rights arise by lease, grant, exception, conveyance, reservation, or otherwise; and (b) any rights, privileges, immunities, rights of way, and easements associated therewith or appurtenant thereto, whether or not the interests or rights excepted in (a) or (b) appear in the Public Records or are shown in Schedule B.

# ATTACHMENT ONE
## (CONTINUED)

## 2006 ALTA OWNER'S POLICY (06-17-06)
### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1. (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to

    (i) the occupancy, use, or enjoyment of the Land;

    (ii) the character, dimensions, or location of any improvement erected on the Land;

    (iii) the subdivision of land; or

    (iv) environmental protection;

    or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.

    (b) Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.

2. Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.

3. Defects, liens, encumbrances, adverse claims, or other matters

    (a) created, suffered, assumed, or agreed to by the Insured Claimant;

    (b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;

    (c) resulting in no loss or damage to the Insured Claimant;

    (d) attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 9 and 10); or

    (e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Title.

4. Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction vesting the Title as shown in Schedule A, is

    (a) a fraudulent conveyance or fraudulent transfer; or

    (b) a preferential transfer for any reason not stated in Covered Risk 9 of this policy.

5. Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the deed or other instrument of transfer in the Public Records that vests Title as shown in Schedule A.

## EXCEPTIONS FROM COVERAGE

This policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees, or expenses that arise by reason of:

*NOTE: The 2006 ALTA Owner's Policy may be issued to afford either Standard Coverage or Extended Coverage. In addition to variable exceptions such as taxes, easements, CC&R's, etc., the Exceptions from Coverage in a Standard Coverage policy will also include the Western Regional Standard Coverage Exceptions listed below as 1 through 7 below:*

1. (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.

2. Any facts, rights, interests, or claims that are not shown by the Public Records at Date of Policy but that could be (a) ascertained by an inspection of the Land, or (b) asserted by persons or parties in possession of the Land.

3. Easements, liens or encumbrances, or claims thereof, not shown by the Public Records at Date of Policy.

4. Any encroachment, encumbrance, violation, variation, easement, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and not shown by the Public Records at Date of Policy.

5. (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.

6. Any lien or right to a lien for services, labor, material or equipment unless such lien is shown by the Public Records at Date of Policy.]

7. Any claim to (a) ownership of or rights to minerals and similar substances, including but not limited to ores, metals, coal, lignite, oil, gas, uranium, clay, rock, sand, and gravel located in, on, or under the Land or produced from the Land, whether such ownership or rights arise by lease, grant, exception, conveyance, reservation, or otherwise; and (b) any rights, privileges, immunities, rights of way, and easements associated therewith or appurtenant thereto, whether or not the interests or rights excepted in (a) or (b) appear in the Public Records or are shown in Schedule B.

# Notice of Available Discounts

Pursuant to Section 2355.3 in Title 10 of the California Code of Regulations Fidelity National Financial, Inc. and its subsidiaries ("FNF") must deliver a notice of each discount available under our current rate filing along with the delivery of escrow instructions, a preliminary report or commitment.  Please be aware that the provision of this notice does not constitute a waiver of the consumer's right to be charged the filed rate.  As such, your transaction may not qualify for the below discounts.

You are encouraged to discuss the applicability of one or more of the below discounts with a Company representative.  These discounts are generally described below; consult the rate manual for a full description of the terms, conditions and requirements for such discount.  These discounts only apply to transactions involving services rendered by the FNF Family of Companies.  This notice only applies to transactions involving property improved with a one-to-four family residential dwelling.

Not all discounts are offered by every FNF Company.  The discount will only be applicable to the FNF Company as indicated by the named discount.

**FNF Underwritten Title Companies**
CTC - Chicago Title Company
CLTC - Commonwealth Land Title Company
FNTC - Fidelity National Title Company
FNTCCA – Fidelity National Title Company of California
TICOR - Ticor Title Company of California
LTC - Lawyer's Title Company
SLTC - ServiceLink Title Company

**Underwritten by FNF Underwriters**
CTIC - Chicago Title Insurance Company
CLTIC - Commonwealth Land Title Insurance Co.
FNTIC - Fidelity National Title Insurance Co.
NTINY - National Title Insurance of New York

## Available Discounts

**CHURCHES OR CHARITABLE NON-PROFIT ORGANIZATIONS (CTIC, CLTIC, FNTIC, NTINY)**
On properties used as a church or for charitable purposes within the scope of the normal activities of such entities, provided said charge is normally the church's obligation the charge for an owner's policy shall be fifty percent (50%) to seventy percent (70%) of the appropriate title insurance rate, depending on the type of coverage selected.  The charge for a lender's policy shall be forty percent (40%) to fifty percent (50%) of the appropriate title insurance rate, depending on the type of coverage selected.

**DISASTER AREA TRANSACTIONS (CTIC, CLTIC, FNTIC, NTINY)**
This rate is available for individuals or entities that were victims of a national or state disaster.  The rate can be used for a Lender's Policy (Standard or Extended), or an Owner's Policy (Standard or Homeowners coverage).  To qualify for this rate, the applicant must, prior to the closing of the applicable transaction, make a written request, including a statement meeting the following criteria:

A.  The subject property is in a disaster area declared by the government of the United States or the State of California.

B.  The subject property was substantially or totally destroyed in the declared disaster.

C.  The subject property ownership has not changed since the time of the disaster.

The rate will be fifty percent (50%) of the applicable rate, and the transaction must be completed within sixty (60) months of the date of the declaration of the disaster.

# Notice of Available Discounts
(continued)

## DISASTER AREA ESCROWS (CTC, CLTC, FNTC, TICOR, LTC)
This rate is available for individuals or entities that were victims of a national or state disaster.  The rate can be used for a loan or a sale escrow transaction.  To qualify for this rate, the applicant must, prior to the closing of the applicable transaction, make a written request, including a statement meeting the following criteria:

A.  The subject property is in a disaster area declared by the government of the United States or the State of California.

B.  The subject property was substantially or totally destroyed in the declared disaster.

C.  The subject property ownership has not changed since the time of the disaster.

The rate will be fifty percent (50%) of the applicable rate, and the transaction must be completed within sixty (60) months of the date of the declaration of the disaster.  Standard minimum charge applies based upon property type.  No other discounts or special rates, or combination of discounts or special rates, shall be applicable. Applies to a single transaction per property.

This rate is applicable to the following Zones/Counties:

Zone 1.A:  Orange County
Zone 1.B:  Riverside and San Bernardino Counties
Zone 2:  Los Angeles County
Zone 3:  Ventura County
Zone 10:  San Diego County
Zone 12:  Imperial County

If used for a sale transaction, the application of this rate assumes the charge for the Residential Sale Escrow Services (RSES) fee will be split evenly between buyer and seller.  As such and regardless of how the calculated applicable RSES will be split between the disaster victim and the other principal, the rate will be applied only to one half (1/2) of the calculated applicable RSES fee, regardless of whether the disaster victim is paying half (1/2) of the RSES fee (as is customary) or paying the entire fee.  The rate under this provision will be fifty percent (50%) of disaster victims' one half (1/2) portion only and shall not apply to any portion paid by non-disaster victim. Additional services will be charged at the normal rates.

## MILITARY DISCOUNT RATE (CTIC, CLTIC, FNTIC)
Upon the Company being advised in writing and prior to the closing of the transaction that an active duty, honorably separated, or retired member of the United States Military or Military Reserves or National Guard is acquiring or selling an owner occupied one-to-four family property, the selling owner or acquiring buyer, as applicable, will be entitled to a discount equal to fifteen percent (15%) of the otherwise applicable rates such party would be charged for title insurance policies.  Minimum charge:  Four Hundred Twenty-Five And No/100 Dollars ($425.00)

The Company may require proof of eligibility from the parties to the transaction verifying they are entitled to the discount as described.  No other discounts or special rates, or combination of discounts or special rates, shall be applicable.

## MILITARY RATE (SLTC)
A discount of twenty percent (20%) off the purchase transaction closing and settlement fee or a discount of One Hundred And No/100 Dollars ($100.00) off the refinance closing and settlement fee, will be applied when the loan is guaranteed by the United States Veterans Administration and the escrow fee is being paid by the consumer and is listed as paid by borrower on the Closing Disclosure and final Settlement Statement.

## CERTIFICATE OF SERVICE AND DELCARATION OF MAILING

**I HEREBY CERTIFY** that a true and correct copy of the "Chapter 7 Trustee, Maria M. Yip's Motion for Entry of Order (1) Authorizing Proposed Private Sale of Estate's Right, Title and Interest in Real Property Located at 4280 Knollview Drive, Danville, CA 94506 to Sunny Behl, Subject to All Liens, Claims and Encumbrances; and (2) Granting Other Related Relief" (the "Motion"), was served via the Court's CM/ECF to all counsel of record, and interested parties registered to receive electronic noticing in this case and to Sunny Behl, Buyer, via electronic mail at: devcoman@gmail.com, on February 12, 2026.

**I FURTHER CERTIFY** that I caused a copy of the referenced Motion to be served by regular U.S. Mail, postage prepaid, on the Court's creditor matrix and interested parties as reflected on the attached Certificate of Service of BK Attorney Services, LLC on February 12, 2026.

Dated:  February 12, 2026                    Respectfully submitted,

**MARKOWITZ RINGEL TRUSTY & HARTOG, P.A**.
*Counsel for the Chapter 7 Trustee, Maria M. Yip.*
101 NE Third Avenue, Suite 1210
Fort Lauderdale, Florida 33301
Tel: (954) 767-0030 / Fax: (954) 767-0035

By: *s/Alan R. Rosenberg*
    ALAN R. ROSENBERG
    Florida Bar No. 92004
    Email: arosenberg@mrthlaw.com

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:                                         CASE NO: 8:23-bk-02914-RCT

LYNNE AI BUI                          **DECLARATION OF MAILING**
**CERTIFICATE OF SERVICE**
Chapter: 7

On 2/12/2026, I did cause a copy of the following documents, described below,

Chapter 7 Trustee, Maria M. Yip's Motion for Entry of Order (1) Authorizing Proposed Private Sale of Estate's Right, Title and Interest in Real Property Located at 4280 Knollview Drive, Danville, CA 94506 to Sunny Behl, Subject to All Liens, Claims,

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice. com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 2/12/2026

/s/ Alan R. Rosenberg, Esq.
Alan R. Rosenberg, Esq.  92004

Markowitz, Ringel, Trusty & Hartog, PA
101 NE Third Avenue, Suite 1210, Ft. Lauderdale, FL  33301
Mobile, FL 33156
305-670-5000
gruiz@mrthlaw.com

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

LYNNE AI BUI

CASE NO: 8:23-bk-02914-RCT

**CERTIFICATE OF SERVICE**
**DECLARATION OF MAILING**

Chapter: 7

On 2/12/2026, a copy of the following documents, described below,

Chapter 7 Trustee, Maria M. Yip's Motion for Entry of Order (1) Authorizing Proposed Private Sale of Estate's Right, Title and Interest in Real Property Located at 4280 Knollview Drive, Danville, CA 94506 to Sunny Behl, Subject to All Liens, Claims,

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 2/12/2026

Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Alan R. Rosenberg, Esq.
Markowitz, Ringel, Trusty & Hartog, PA
101 NE Third Avenue, Suite 1210, Ft. Lauderdale, FL  33301
Mobile, FL  33156

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

DEBTOR

LYNNE AI BUI
5805 CHARLOTTE DRIVE
A-397
SAN JOSE CA 95123


~~EXCLUDE~~

~~(U)CTBC BANK CORP (USA)~~


ERIC J WEISSMAN  TRUSTEE OF THE VITALITY HE
CO BAST AMRON LLP
1 SE 3RD AVE  STE 2410
MIAMI  FL 33131-1712


JPMORGAN CHASE BANK  NATIONAL ASSOCIATION
ATTN CORRESPONDENCE MAIL  MAIL CODE LA4
700 KANSAS LANE
MONROE  LA 71203-4774


~~EXCLUDE~~

~~(U)NATIONSTAR MORTGAGE LLC~~


PENTAGON FEDERAL CREDIT UNION
ROBERTSON  ANSCHUTZ  SCHNEID  CRANE
13010 MORRIS ROAD  SUITE 450
ALPHARETTA GA 30004-2001


~~EXCLUDE~~

~~(U)SANTA CRUZ COUNTY BANK~~


THE EVERGREEN ADVANTAGE  LLC
1424 4TH STREET
STE 220A
SANTA MONICA  CA 90401-2360


UNITED SHORE FINANCIAL SERVICES  LLC
ROBERTSON  ANSCHUTZ  SCHNEID  CRANE
13010 MORRIS RD  SUITE 450
ALPHARETTA  GA 30004-2001


FIRST CLASS

LARRY BUI
TUETNGA HUYNH
4280 KNOLLVIEW DRIVE
DANVILLE CA 94506


CASCO FINANCIAL INC
SPENCER FANE LLP
ATTN CATHERINE SCHLOMANN ROBERTSON ESQ
225 W SANTA CLAR ST  SUITE 1500
SAN JOSE  CA 95113-1752


GLOBAL CANCER RESEARCH INSTITUTE
BELVEDERE LEGAL
1777 BOREL PLACE
STE 314
SAN MATEO  CA 94402-3532


KDR  LLC
CO CHRISTIAN SAVIO  ESQ
1900 NW CORPORATE BLVD 305W
305W
BOCA RATON  FL 33431-7340


~~EXCLUDE~~

~~(U)NEWREZ LLC DBA SHELLPOINT MORTGAGE SERVICI~~


INTERNATIONAL

RBC ROYAL BANK (CAYMAN) LTD
79 ST CLAIRE AVENUE
PORT OF SPAIN TRINIDAD  TOBAGO  WI


~~EXCLUDE~~

~~(U)SCOTT CAPITAL MANAGEMENT FUND 1  LLC~~


THE SEYMOUR WEINBERGER GROUP
KELLER WILLIAMS REALTY
12711 VENTURA BOULEVARD  SUITE 400
STUDIO CITY  CA 91604-2456


UNITED WHOLESALE MORTGAGE  LLC
CO SETH GREENHILL
6267 OLD WATER OAK ROAD
SUITE 203
TALLAHASSEE  FL 32312-3858


CASE INFO

  LABEL MATRIX FOR LOCAL NOTICING
NCRS ADDRESS DOWNLOAD
CASE 823-BK-02914-RCT
MIDDLE DISTRICT OF FLORIDA
THU FEB 12 11-18-4 PST 2026


DORIS KAELIN  CHAPTER 7 TRUSTEE OF ELESSAR P
RINCON LAW LLP
GREGG S KLEINER  ESQ
268 BUSH STREET  SUITE 3335
SAN FRANCISCO  CA 94104-3503


~~EXCLUDE~~

~~(U)GOLDMAN SACHS MORTGAGE COMPANY~~


(P)MANATEE COUNTY TAX COLLECTOR
1001 3RD AVE W SUITE 240
BRADENTON FL 34205-7871


NORTHPOINTE BANK
THE LAW OFFICES OF JASON C TATMAN  AP
9665 CHESAPEAKE DR
SUITE 365
SAN DIEGO  CA 92123-1352


SAKURA
826 N HILLVIEW DR
MILPITAS  CA 95035-4544


TESSER  LLC
CO CHRISTIAN SAVIO  ESQ
1900 NW CORPORATE BLVD 305W
305W
BOCA RATON  FL 33431-7340


~~EXCLUDE~~

~~(U)UNITED BUSINESS BANK~~


~~EXCLUDE~~

~~(U)ZIONS BANCORPORATION  NA DBA CALIFORNIA BA~~

EXCLUDE

(U)ACN GROUP LTD
23 LIME TREE BAY AVE
GRAND CAYMAN KY1 1003

EXCLUDE

(U)AIA GROUP LTD
23 LIME TREE BAY AVE
GRAND CAYMAN KY1 1003

ASD SPECIALTY HEALTHCARE INC
2801 HORACE SHEPARD DRIVE
DOTHAN  AL 36303-1038

ALAMEDA COUNTY TAX
1221 OAK STREET  ROOM 131
OAKLAND  CA 94612-4223

AMERICAN EXPRESS
PO BOX 981535
EL PASO  TX 79998-1535

AMERICAN EXPRESS NATIONAL BANK
CO BECKET AND LEE LLP
PO BOX 3001
MALVERN  PA 19355-0701

ATLAS CAPITAL INVESTMENTS LLC
PO BOX 3167
SARATOGA CA 95070

AUDREY TSE AND MICHAEL TANZILLO
1829 BANCROFT WAY
BERKELEY WAY
BERKELEY  CA 94703-1759

BAY MARINA MANAGEMENT
ATTN SHEILA CHANDOR
SAN FRANCISCO  CA 94119-3730

EXCLUDE

(U)BRIGHT MOUNTAIN GROUP INC
23 LIME TREE BAY AVE
GRAND CAYMAN  KY1 1003

CTBC BANK
801 S FIGUEROA SUITE 2300
LOS ANGELES CA 90017-5657

CTBC BANK CORP (USA)
CO FRANDZEL ROBINS BLOOM  CSATO  LC
1000 WILSHIRE BOULEVARD  19TH FLOOR
LOS ANGELES  CA 90017-2457

CALIFORNIA BANK  TRUST HELOC
PO BOX 1507
SALT LAKE CITY UT 84110-1507

CAMBRIDGE PROPERTIES  LLC
PO BOX 3167
SARATOGA  CA 95070-1167

CAPITAL ONE
PO BOX 30285
SALT LAKE CITY  UT 84130-0285

CAPITAL ONE NA
BY AMERICAN INFOSOURCE AS AGENT
PO BOX 71083
CHARLOTTE  NC  28272-1083

CASCO FINANCIAL INC
15700 WINCHESTER BLVD
LOS GATOS CA 95030-3305

CASCO FINANCIAL INC
CO SPENCER FANE LLP
ATTN CATHERINE ROBERTSON
225 WEST SANTA CLARA STREET  STE 1500
SAN JOSE CA 95113-1752

CATHAY BANK
9650 FLAIR DR
EL MONTE CA 91731-3005

CATHERINE ROBERTSON
PAHL  MCCAY
225 WEST SANTA CLARA ST
SUITE 1500
SAN JOSE CA 95113-1752

CHASE
700 KANSAS LANE
LA4-6633
MONROE LA 71203-4774

CHASE
PO BOX 15123
WILMINGTON  DE 19850-5123

INTERNATIONAL

COE GROUP  LTD
2307 W BAY ROAD
PO BOX 30121
GRAND CAYMAN  KT1-1201

CONTRA COSTA COUNTY TAX
PO BOX 631
MARTINEZ  CA 94553-0063

DEL TORO LOAN SERVICING INC
2300 BOSWELL RD 215
CHULA VISTA CA 91914-3559

DEPARTMENT OF REVENUE
PO BOX 6668
TALLAHASSEE FL 32314-6668

DIEMER  WEI LLP
SUSAN LUCE
55 S MARKET ST 1420
SAN JOSE  CA 95113-2365

DORIS KAELIN   CHAPTER 7 TRUSTEE
OF ESTATE OF ELESSAR PROPERTIES  LLC
CO GREGG S KLEINER  ESQ
268 BUSH STREET  SUITE 3335
SAN FRANCISCO  CA 94104-3503

EBF HOLDINGS  LLC
8221 NW 52ND TERRACE
SUITE 200
MIAMI  FL 33166

ELESSAR PROPERTIES  LLC
PO BOX 3167
SARATOGA  CA 95070-1167

EVELYN HARROCKSCOTT DAILEY
1221 PARKER PLACE
6
SAN DIEGO  CA 92109-5244

EVELYN HARROCKSCOTT DAILY
1221 PARKER PLACE 6
SAN DIEGO  CA 92109-5244

EVERGREEN ADVANTAGE LLC
1424 4TH STREET 220A
SANTA MONICA CA 90401-2360

FCI LENDER SERVICES
PO BOX 27370
ANAHEIM CA 92809-0112

GLADDINGTON PROPERITES
PO BOX 3167
SARATOGA  CA 95070-1167

GLOBAL CANCER RESEARCH
INSTITUTE  INC
14911 NATIONAL AVE 1
LOS GATOS  CA 95032-2632

EXCLUDE

(D)GLOBAL CANCER RESEARCH INSTITUTE INC
14911 NATIONAL AVE 1
LOS GATOS  CA 95032-2632

EXCLUDE

(D)GLOBAL CANCER RESEARCH INSTITUTE  INC
14911 NATIONAL AVE 1
LOS GATOS  CA 95032-2632

GLOBAL CANCER RESEARCH INSTITUTE  INC
CO KATELYN M VINSON
JENNIS MORSE
606 E MADISON STREET
TAMPA  FL 33602-4029

GOLDMAN SACHS MORTGAGE COMPANY
CO
NEWREZ LLC DBA SHELLPOINT MORTGAGE SERVI
PO BOX 10826
GREENVILLE SC 29603-0826

INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA  PA 19101-7346

JPMORGAN CHASE BANK  NA
SBMT CHASE BANK USA  NA
CO ROBERTSON ANSCHUTZ SCHNEID
CRANE  PARTNERS PLLC
6409 CONGRESS AVENUE  SUITE 100
BOCA RATON  FL 33487-2853

JPMORGAN CHASE BANK  NATIONAL ASSOCIATION
CHASE RECORDS CENTER
ATTN CORRESPONDENCE MAIL
MAIL CODE LA4-5555
700 KANSAS LANE
MONROE  LA 71203

JPMORGAN CHASE BANK  NATIONAL ASSOCIATION
CO ELIZABETH ECKHART ESQ
2424 NORTH FEDERAL HIGHWAY
SUITE 360
BOCA RATON  FL 33431-7780

JPMORGAN CHASE BANK  NATIONAL ASSOCIATION
CO LOGS LEGAL GROUP LLP
2424 NORTH FEDERAL HIGHWAY
SUITE 360
BOCA RATON  FL 33431-7780

JEFFER MANGELS BUTLER  MITCHELL LLP
333 BUSH STREET  11TH FLOOR
SAN FRANCISCO  CA 94104-2872

JONATHAN HUGHES AND KATELYN LALONDE
2325 50TH ST CIRCLE E
PALMETTO  FL 34221-2112

KDR LLC
608 OCEAN AVENUE
SEAL BEACH CA 90740-6109

KDR  LLC
CO CHRISTIAN SAVIO  ESQ
1900 NW CORPORATE BLVD 305W
BOCA RATON  FL 33431-7340

KATHY BAZOIAN PHELPS  ESQ
CALIFORNIA COUNSEL TO THE TRUSTEE
RAINES FELDMAN LITTRELL  LLP
1900 AVENUE OF THE STARS  19TH FLOOR
LOS ANGELES  CALIFORNIA 90067-4301

LB PROPERTY MANAGEMENT  INC
4730 WOODMAN AVENUE
SUITE 200
SHERMAN OAKS  CA 91423-2401

(P)LOS ANGELES COUNTY TREASURER AND TAX
COLLECTOR
ATTN BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

EXCLUDE

(D)(P)MANATEE COUNTY TAX COLLECTOR
1001 3RD AVE W SUITE 240
BRADENTON FL 34205-7071

EXCLUDE

(D)(P)MANATEE COUNTY TAX COLLECTOR
1001 3RD AVE W SUITE 240
BRADENTON FL 34205-7071

~~EXCLUDE~~

~~(D)(P)MANATEE COUNTY TAX COLLECTOR~~
~~1001 3RD AVE W SUITE 240~~
~~BRADENTON FL 34205-7871~~

MARK ALBERT
445 S FIGUEROA ST 3100
LOS ANGELES  CA 90071-1635

MARK ANCHOR ALBERT
4971 LOS FELIZ BLVD
542 AHINA STREET
LOS ANGELES  CA 90027-542

MAUI COUNTY TAX COLLECTOR
100 AINOA STREET
KAUNAKAKAI  HI 96748

MCKESSON SPECIALTY CARE
401 MASON RD
LA VERGNE  TN 37086-3243

(P)NATIONSTAR MORTGAGE LLC
PO BOX 619096
DALLAS TX 75261-9096

NATIONSTAR MORTGAGE LLC
CO ALDRIDGE PITE  LLP
SIX PIEDMONT CENTER
3525 PIEDMONT ROAD  NE  SUITE 700
ATLANTA  GA 30305-1608

~~EXCLUDE~~

~~(D)(P)NATIONSTAR MORTGAGE LLC~~
~~PO BOX 619096~~
~~DALLAS TX 75261-9096~~

~~EXCLUDE~~

~~(D)(P)NATIONSTAR MORTGAGE LLC~~
~~PO BOX 619096~~
~~DALLAS TX 75261-9096~~

NEWREZ LLC DBA SHELLPOINT MORTGAGE SERVICI
CO WANDA D MURRAY
ALDRIDGE PITE  LLP
SIX PIEDMONT CENTER
3525 PIEDMONT ROAD  NE  SUITE 700
ATLANTA  GA 30305-1608

NINA EDWARDS
757 OCEAN AVE
309
SANTA MONICA  CA 90402-2655

NORTHPOINTE BANK
CO THE LAW OFFICES OF JASON C TATMAN
9665 CHESAPEAKE DRIVE SUITE 365
SAN DIEGO  CA 92123-1352

NORTHPOINTE MORTGAGE
3333 DEPOSIT DR NE
GRAND RAPIDS MI 49546-1467

OAKLAND YACHT CLUB
1101 PACIFIC MARINA
ALAMEDA  CA 94501-1146

PENFED CREDIT UNION
2938 EISENHOWER AVE
ALEXANDRIA VA 22314

PENTAGON FEDERAL CREDIT UNION
6191 N SH 161 SERVICE RD
IRVING  TX 75038

~~EXCLUDE~~

~~(D)PENTAGON FEDERAL CREDIT UNION~~
~~ROBERTSON  ANSCHUTZ  SCHNEID  CRANE~~
~~13010 MORRIS ROAD  SUITE 450~~
~~ALPHARETTA  GA 30004-2001~~

PROPERTY MANAGEMENT
CONSULTANTS  INC
11717 BERNARDO PLAZA CT
SUITE 220
SAN DIEGO  CA 92128-2400

QUINN COVARRUBIAS
2220 DOUGLAS BLVD  SUITE 240
ROSEVILLE  CA 95661-3822

QUINN COVARRUBUIS
MARK A CAMPBELL
2220 DOUGLAS BLVD 240
ROSEVILLE  CA 95661-3822

REDWOOD MORTGAGE
177 BOVET RD SUITE 520
SAN MATEO CA 94402-3144

SAMSON MCA LLC
1545 RTE 202
SUITE 101
1545 RTE 202  SUITE 101
POMONA  NY 10970-2951

SAKURA FINANCIAL  LUCKY NT
PROPERTIES LLC
CO OLD REPUBLIC TITLE COMPANY
1000 BURNETT AVE SUITE 400
CONCORD CA 94520-2088

SAKURA FINANCIAL GROUP INC
CO OLD REPUBLIC TITLE COMPANY
1000 BURNETT AVE SUITE 400
CONCORD CA 94520-2088

SANTA CLARA COUNTY TAX
852 N 1ST STREET
SAN JOSE  CA 95112-6312

SANTA CRUZ COUNTY BANK
PO BOX 8426
SANTA CRUZ CA 95061-8426

SANTA CRUZ COUNTY BANK
STEPHEN MEADE
19240 STEVENS CREEK BLVD
CUPERTINO  CA 95014-2504

SANTA CRUZ COUNTY BANK
CO CATHERINE ROBERTSONPAHL  MCCAY
225 WEST SANTA CLARA  SUITE 1500
SAN JOSE  CA 95113-1752

SANTA CRUZ COUNTY BANK
CO CATHERINE SCHOMANN ROBERTSON
PAHL  MCCAY
225 WEST SANTA CLARA STREET  SUITE 1500
SAN JOSE  CA  95113-1752

SCHULZE  HAYNES  LOEVENGUTH
CO
660 S FIGEROA STEET 1280
LOS ANGELES  CA 90017-3453

SCOTT CAPITAL MANAGEMENT FUND 1  LLC
CO MEGAN W MURRAY
UNDERWOOD MURRAY  PA
100 N TAMPA ST  SUITE 2325
TAMPA  FL 33602-5891

SCOTT CAPITAL MANAGEMENT  INC
6929 N HAYDEN ROAD
SUITE CA-613
SCOTTSDALE  AZ 85250-7978

SHELLPOINT MORTGAGE
PO BOX 10826
GREENVILLE SC 29603-0826

TESSER LLC
CO CHRISTIAN SAVIO  ESQ
1900 NW CORPORATE BLVD 305W
BOCA RATON  FL 33431-7340

THE EVERGREEN ADVANTAGE  LLC
CO ZACHARY J BANCROFT  ESQ
PO BOX 1549
ORLANDO  FL 32802-1549

UNITED BUSINESS BANK
GEORGE KIM
50 YNACIO VALLEY RD 130
WALNUT CREEK  CA  94596

UNITED BUSINESS BANK
JEFFER MANGELS BUTLER  MITCHELL LLP
333 BUSH STREET  11TH FLOOR
SAN FRANCISCO  CA 94104-2872

UNITED SHORE FINANCIAL SERVICES
CO ROBERTSON  ANSCHUTZ  SCHNEID
CRANE  PARTNERS  PLLC
6409 CONGRESS AVENUE  SUITE 100
BOCA RATON  FL 33487-2853

UNITED SHORE FINANCIAL SERVICES  LLC
CO ROBERTSON  ANSCHUTZ  SCHNEID  CRANE
13010 MORRIS RD  SUITE 450
ALPHARETTA  GA 30004-2001

UNITED SHORE FINANCIAL SERVICES  LLC DBA U
CENLAR FSB
ATTN  BK DEPT
425 PHILIPS BLVD
EWING  NJ 08618-1430

UNITED STATES TRUSTEE  TPA
TIMBERLAKE ANNEX  SUITE 1200
501 E POLK STREET
TAMPA  FL 33602-3949

UNITED WHOLESALE MORTGAGE
PO BOX 77404
EWING NJ 08628-6404

UNITED WHOLESALE MORTGAGE  LLC
CO CENLAR FSB  ATTN BK DEPT
425 PHILLIPS BLVD
EWING  NJ 08618-1430

EXCLUDE

~~(D)UNITED WHOLESALE MORTGAGE  LLC~~
~~CO SETH GREENHILL~~
~~6267 OLD WATER OAK ROAD~~
~~SUITE 203~~
~~TALLAHASSEE  FL 32312-3858~~

VINTAGE POINT PROPERTIES  LLC
PO BOX 3167
SARATOGA  CA 95070-1167

VITALITY HPCA CREDITOR TRUST
GARRICK HOLLANDER
1301 DOVE STREET  SUITE 500
NEWPORT BEACH  CA 92660-2467

WAILEA ELUA AOA
3600 WAILEA ALANUI DRIVE
KIHEI  HI 96753-8319

WAILEA ELUA AOA
ATTN KYLE
3600 WAILEA ALANUI DR
MAUI  HI 96753-8319

WELLS FARGO BANK  NA
SMALL BUSINESS LENDING DIVISION
PO BOX 29482 MAC S4101-08C
PHOENIX  AZ 85038-9482

WELLS FARGO SBL
PO BOX 29482
PHOENIX  AZ 85038-9482

ZIONS BANCORORATION  NA
CO CENLAR FSB  ATTN BK DEPT
425 PHILLIPS BLVD
EWING  NJ 08618-1430

ZIONS BANCORPORATION  NA DBA CALIFORNIA BANK
7860 SOUTH BINGHAM JUNCTION BLVD  4TH
MIDVALE  UT 84047-4751

ZIONS BANCORPORATION NADBA CALIFORNIA BANK
CO SETH GREENHILL
6267 OLD WATER OAK ROAD
SUITE 203
TALLAHASSEE FL 32312-3858

EXCLUDE

~~(U)BRIAN S LANDAU~~
~~SLBIGGS  A DIVISION OF SINGERLEWAK  LLP~~

CAROL FOX
GLASSRATNER ADVISORY  CAPITAL GROUP LLC
200 E BROWARD BLVD
SUITE 1010
FT LAUDERDALE  FL 33301-1943

~~EXCLUDE~~

~~(U)LARRY T BUI~~
~~CO BUDDY D FORD  ESQ~~
~~9301 W HILLSBOROUGH AVENUE~~
~~TAMPA33615 UNITED STATES~~

~~EXCLUDE~~

~~(U)MICHAEL MCLAUGHLIN~~

DONALD R KIRK
CO DONALD R KIRK
CARLTON FIELDS  PA
PO BOX 3239
TAMPA  FL 33601-3239

DEBTOR

LYNNE AI BUI
5805 CHARLOTTE DRIVE   A397
SAN JOSE  CA 95123-3619

STEPHEN J DONELL
FEDRECEIVER  INC
12121 WILSHIRE BLVD  SUITE 710
LOS ANGELES  CA 90025-1295

HAL A LEVENBERG  CIRCA  CFE
YIP ASSOCIATES
ONE BISCAYNE TOWER
2 S BISCAYNE BLVD  SUITE 2690
MIAMI  FL 33131-1815

MARIA M YIP
YIP ASSOCIATES
9200 S DADELAND BLVD
STE 316
MIAMI  FL 33156-2711